LYNN *v.* THE STATE OF OHIO.

(Decided March 19, 1934.)

*Messrs. Lease & Lease* and *Mr. C. C. Miller,* for plaintiff in error.

*Mr. Harry I. Kaylor,* for defendant in error.

KLINGER, J. On the 14th of September, 1932, Thomas Lynn was indicted by the grand jury of Hardin county, Ohio, for failing to provide food, clothing, and shelter for John James Lynn, a child under sixteen years of age, born April 2, 1931, to Edna Lynn, the then divorced wife of Thomas Lynn; the divorce having been granted on March 31, 1931, three days before the birth of said John James Lynn.

This proceeding is brought under Section 13008 of the General Code.

On trial under this indictment, the defendant was convicted, and sentenced to the penitentiary. Error proceedings are filed in this court to reverse the judgment of the lower court.

Under the admitted facts in this case, at the time of the conception that resulted in the birth of John James Lynn, Edna Lynn and Thomas Lynn were husband and wife, and had four other living children; the mother and children then living in Lima, Ohio.

The father, Thomas Lynn, was working in Bellefontaine, Ohio, which is located about thirty-two miles from Lima. The father, Thomas Lynn, supported the family and mother in their Lima home, and visited them at least once every two weeks. On at least four occasions he stayed with the family all night during this period of time.

There is a conflict in the evidence as to what took place between the husband and wife on these visits; the wife testifying that sexual intercourse was had between them, and the husband denying it. His testimony is, in part, corroborated in this regard by the children.

There is also plenty of evidence in the record tending to show that the wife was guilty of adultery with one William Denzer during the time in which said child was conceived.

By stipulation of the parties at the time of the trial, the defendant admitted all the elements of the offense charged in the indictment, save and except his paternity of the said John James Lynn, and the jurisdiction of the court.

This simplifies the issues for this court to pass upon, namely, can a husband of the mother of a child challenge or deny parenthood of a child conceived during wedlock when the husband and wife at least had opportunity of having sexual relations during that time, even though the wife was guilty during this same period of time of adulterous intercourse with other men?

While this court is conscious of the fact that great wrong may be done in individual cases, yet the public welfare is undoubtedly best served by the law as laid down in all the states, including our own, and in England under the common-law doctrine that every child conceived in lawful wedlock is presumed to be legitimate, even though it may be shown also that the wife

during the time was guilty of infidelity. This principle is well stated in the opinion of the court in the case of *Powell* v. *State,* 84 Ohio St., 165, 95 N. E., 660, 36 L. R. A. (N. S.), 255: "Public policy requires that the status of a child born or begotten in lawful wedlock should be fixed and certain, and the immediate exigencies or even the apparent justice of any particular case will not justify a departure from the rule so necessary and salutary to the best interests of society. The law is not willing that a child shall be declared a bastard to suit the whims or purposes of either parent, nor upon evidence merely that no actual act of intercourse occurred between husband and wife at or about the time the wife became pregnant. *The proof must be such as to show the impossibility of access.*" (Italics ours.)

In Jones' Commentaries on Evidence, volume 1, pages 124 and 125, under the subject of presumptions and inferences, the case in 84 Ohio State just mentioned is cited as supporting the rule that the question to be presented to the jury is not whether the husband and wife did in fact have intercourse, but whether the possibility of intercourse presented itself to them at any time. If it did, then, unless impotency can be shown, the presumption is *conclusive.* See, also, 7 Corpus Juris, 942, and cases therein cited.

Another question presented is the question of jurisdiction, and this, we feel, is settled by Section 13011 of the General Code, and also by the cases, *State* v. *Sanner,* 81 Ohio St., 393, 90 N. E., 1007, 26 L. R. A. (N. S.), 1093, and *Norman* v. *State,* 109 Ohio St., 213, 142 N. E., 234.

Another error complained of is as to the rejection of evidence.

The defendant offered evidence tending to show that at some time the wife of the defendant did shoot at him, or threaten to shoot him. In the opinion of this

court this evidence should have been admitted, as it was competent for the purpose of showing the malice and the animus of the prosecuting witness toward the defendant. However, we do not believe that this was in any way prejudicial in this case, because, under all the circumstances, that could in no way affect the right of the state to prosecute this defendant for the failure to support this child. Possibility of access being undisputed, evidence tending to show the hostility of the prosecuting witness toward the defendant became immaterial.

Holding these views, the judgment of the lower court is affirmed.

*Judgment affirmed.*

CROW, P. J., and GUERNSEY, J., concur.