SANZENBACHER, APPELLEE, *v.*
SANZENBACHER, APPELLANT.

(No. L-81-096—Decided October 9, 1981.)

*Mr. John L. Straub,* for appellee.
*Mr. Robert G. Young,* for appellant.

DOUGLAS, J. This case comes before this court on an appeal from the judgment of the Court of Common Pleas of Lucas County, Domestic Relations Division, which court granted plaintiff-appellee, Doris Jean Sanzenbacher, a divorce from defendant-appellant, George Carl Sanzenbacher. In its judgment entry granting said divorce, the trial court further granted appellee custody of the parties' three minor children, ordered appellant to pay child support in the amount of $30 per week per child and to pay appellee alimony in the amount of $1,000, as partial expenses of suit, and ordered a division of the parties' property. From this judgment, appellant has appealed, presenting the following assignments of error:

"1. The trial court abused its discretion in awarding the wife seventy percent (70%) of the assets produced by the joint efforts of the parties during a seventeen year marriage, where the evidence demonstrated that: (1) both parties were employed throughout the marriage and earned comparable amounts of income; (2) the economic contributions of the parties to the marriage were equal; (3) no significant difference existed in their relative financial situations; (4) neither party had any expectancy or potential inheritance of any significance; and (5) no significant dif-ference existed as to their respective earning capacities.

"2. The trial court erred in awarding the wife a stipulated sum for attorney fees and expenses of suit."

In his first assignment of error, appellant contends that the trial court abused its discretion in awarding appellee, as part of the property settlement, the entire interest in the rental property located at 645 Northfield Drive, Maumee, Ohio. Appellant further contends that the trial court excluded this property from the marital assets on the ground that appellee had brought this property into the marriage. In support of this contention, appellant cites the trial court's finding, noted on the trial docket sheet, that "Plaintiff [appellee] brought this real estate into the marriage." Appellant argues that excluding the entire interest in this property on such ground would be improper since some portion of the appreciated value was attributable to the joint efforts of the parties and should, therefore, be considered an asset of the marriage.

R.C. 3105.18(B)(10) provides that one of the factors to be considered in determining the award of alimony is "[t]he property brought to the marriage by either party." We do not find, however, that this requires the exclusion of all property brought into a marriage from consideration in the division of property in all cases. It is, rather, one factor to be considered in relation to all other relevant factors, including those other factors specifically set forth in the statute. Further, we find that any appreciation in the value of such property, attributable to the joint efforts of the parties, may clearly be considered a marital asset. See *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474].

In *Cherry* v.*Cherry* (1981), 66 Ohio St. 2d 348, at pages 355-356, the Ohio Supreme Court set forth the following standards for the review of alimony awards:

"In using the partnership analogy, this court in *Wolfe* did not intend to create a presumption, rebuttable or irrebuttable, that property be divided equally upon divorce; rather, a potentially equal division should be the starting point of analysis for the trial court. Marriage is a union of equals. Neither party should make a profit at the expense of the other. However, even a 50-50 property division may, in certain instances, result in one party profiting at the expense of the other. This is why it is ill-advised and impossible for any court to set down a flat rule concerning property division upon divorce. A trial court must have discretion to do what is equitable upon the facts and circumstances of each case.

"Of course, a trial court's discretion, though broad, is not unlimited. A reviewing court may modify or reverse a property division, if it finds that the trial court abused its discretion in dividing the property as it did. Section 3(B), Article IV of the Ohio Constitution; App. R. 12.

"R.C. 3105.18 lists 11 factors that a trial court must consider in awarding alimony. Although some of these factors are more pertinent in reaching an equitable property division, and others are more pertinent when determining the need for sustenance and support, addressing these factors, and all other relevant factors, helps to ensure that the result reached by the court is the most equitable result possible. It is important, therefore, that a court consider these and all other relevant factors in arriving at a property division.

"While a reviewing court will presume that the trial court has considered the factors listed in R.C. 3105.18 and all other relevant factors, to ensure the fullest possible review by an appellate court, a party may request that the trial judge make findings of fact and conclusions of law pursuant to Civ. R. 52. If the reviewing court has before it the trial court's findings of fact and conclusions of law, it can better determine if the trial court abused its discretion."

Applying these standards to the record in this case, we find, in the absence of separate findings of fact and conclusions of law, that the trial court's finding that appellee had brought the rental property into the marriage was not solely determinative of the disposition of this property. However, we further find, considering all relevant factors, that the trial court did not abuse its discretion in its division of the parties' property. We, therefore, find appellant's first assignment of error not well taken.

In his second assignment of error, appellant contends that the trial court erred in awarding appellee alimony in the amount of $1,000 as partial expenses of suit. Under the circumstances of this case, we do not find said award constitutes an abuse of discretion and, therefore, find appellant's second assignment of error not well taken. See *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85 [2 O.O.3d 65].

On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Court of Common Pleas of Lucas County, Domestic Relations Division, is affirmed.

*Judgment affirmed.*

CONNORS, P.J., and WILEY, J., concur.

WILEY, J., retired, of the Sixth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.