JOSEPH, APPELLANT, *v.* ALEXANDER ET AL., APPELLEES.

[Cite as Joseph *v.* Alexander (1984), 12 Ohio St. 3d 88.]

(No. 83-1464—Decided July 11, 1984.)

*Mr. David A. Van Gaasbeek,* for appellant.
*Mr. Harry W. Schmuck* and *Mr. James P. Adlon,* for appellees.

O'NEILL, J. The appellant originated his action as one allowed under R.C. Chapter 3111. This chapter provides that an action may be brought for the determination of the existence or non-existence of the father and child relationship. R.C. 3111.04 specifically provides, in part, that such an action may be brought by "* * * a man alleged or alleging himself to be the child's father * * *." The court of appeals concluded that such an action could not be brought and involve a child conceived and born during the existence of a marriage. The court stated that "* * * [r]easonable minds cannot differ that this posture is so contrary to public policy as to be ludicrous."

Prior to the adoption of present R.C. Chapter 3111, commonly known as the Uniform Parentage Act, effective June 29, 1982, the public policy relative to a matter such as the one at hand had been established by this court. In *State, ex rel. Walker,* v. *Clark* (1944), 144 Ohio St. 305 [29 O.O. 450], it was stated at 312:

"Taking into account the weight of authority and the present-day methods of disproving paternity, the rule in Ohio should be that while every child conceived in lawful wedlock is presumed legitimate, such presumption is not conclusive and may be rebutted by clear and convincing evidence that there were no sexual relations between husband and wife during the time in which the child must have been conceived."

Thus, the law was settled and courts were bound to adhere to and follow that decision. It was the established public policy.

When the legislature enacted sweeping changes in R.C. Chapter 3111, it patently adopted the case law of *State, ex rel. Walker,* v. *Clark, supra,* as statutory law. This legislation, not being in conflict with any constitutional provision, establishes the applicable rule of public policy. The courts are bound. The rule is very concisely stated in *Probasco* v. *Raine* (1893), 50 Ohio St. 378, at 390-391, which states:

"* * * [I]t is clear that in this state the validity of an act passed by the

legislature must be tested alone by the constitution, and that the courts have no right or power to nullify a statute upon the ground that it is against natural justice or public policy."

As a further reason for dismissal, the trial court and the court of appeals ruled that the "operati[ve] facts" alleged in the complaint failed to state a claim upon which relief could be granted under R.C. Chapter 3111. The operative facts which must be alleged in an action of this nature are set forth in R.C. 3111.04(A), which reads, in pertinent part, as follows:

"An action to determine the existence * * * of the father and child relationship may be brought by * * * a man alleged or alleging himself to be the child's father * * *."

In his complaint, appellant advanced allegations of the relationship of natural father and child. He was required to do no more.

The dismissal of this case was an abuse of discretion. We reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings according to law.

*Judgment reversed and cause remanded.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

O'NEILL, J., of the Seventh Appellate District, sitting for W. BROWN, J.