**In re Marjorie H. (Helen) WELCH, Debtor.**

**Bankruptcy No. 2–86–02612.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Sept. 24, 1986.

Lee C. Mittman, Columbus, Ohio, for Roger L. Welch.

Robert M. Hoskinson, Westerville, Ohio, for debtor.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

### ORDER OVERRULING OBJECTION TO CONFIRMATION

B.J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon an objection to confirmation of the Chapter 13 plan proposed by Marjorie Helen Welch. The objection, filed on behalf of Roger L. Welch, ex-husband of the debtor, was heard by the Court.

The debtor has proposed a Chapter 13 plan which provides, in part, for graduated payments to the Chapter 13 Trustee over a period of 56 months for a dividend to allowed unsecured claimants estimated to be between 45 and 74%. Uncertainty exists as to the actual dividend because of pending disputes relating to certain claims against the debtor and because of unresolved pending litigation to which the debtor is a party for which any recoveries are to be contributed to the plan. The debtor's plan is also

to be partly funded by proceeds received from the sale of five (5) firearms, appraised at an approximate value of $900.00.

As the basis for his objection to confirmation of the proposed plan, Roger Welch asserts an ownership interest in the firearms the debtor proposes to sell, and challenges the debtor's good faith in proposing to sell property in which he allegedly has an interest.

The Court notes that Roger Welch and Marjorie Helen Welch were husband and wife from 1969 to 1986. The five firearms in question were acquired during that marriage, either by purchase or by inheritance. In the Agreed Judgment Entry of Divorce entered by the Court of Common Pleas of Franklin County on April 9, 1986, in which Roger Welch was plaintiff and the debtor was the defendant, that Court, in part 4 therein, denominated Division of Assets (F) ordered the following:

*Household Furnishings, Goods and Effects.* It is further agreed and therefore ORDERED, ADJUDGED and DECREED that Defendant shall be awarded all right, title and interest in the household furnishings, goods and effects located at 2800 Marigold Avenue, Columbus, Ohio, with the exception of the following items which shall be and remain the sole property of the Plaintiff: Sears stereo and record and tape collection; living room end tables and lamps; antique glass coffee table; antique organ stool; afghan made by grandmother; Mitsubishi VCR and VCR tapes; all of Plaintiff's personal belongings including clothing and jewelry; Plaintiff's musical equipment including amplifier and guitar; liquor bar equipment; children's personal belongings; children's bedroom dressers including vanity and desk in Michelle's room; Michelle's bicycle; all hand tools except for a few common house tools that the Defendant may keep; two (2) black and white portable television sets; good china which was gift from Plaintiff's mother; Plaintiff's books; some towels and washcloths; Plaintiff's fishing equipment; stuffed bird and stuffed squirrel; Plaintiff's typewriter; and large and brown suitcases.

The parties agree that none of the exceptions to the general grant of household furnishings, goods and effects are applicable to the firearms in question. Roger Welch's testimony at the hearing, however, indicated his belief that the parties never intended for the debtor to retain "his guns". He further testified that he purchased the firearms with his own funds except for two which were inherited from his father. The debtor, on the other hand, testified that disposition of the firearms was never specifically discussed between the parties.

 The Court finds that Roger Welch has failed to establish sufficient legal grounds for his asserted ownership of the firearms in question. The divorce decree is clear in its award of all household furnishings, goods and effects to the debtor, and none of the specifically excluded property encompasses the firearms the debtor proposes to sell. That Roger Welch supplied the funds to purchase the guns or that two of them were brought into the marriage by inheritance is only one relevant factor which is not determinative of the propriety of the award to the debtor of those items of personalty. See *Sanzenbacher v. Sanzenbacher,* 3 Ohio App.3d 180, 444 N.E.2d 454 (1981). Therefore, this Court finds that the weapons are properly the property of the debtor and that the Common Pleas Court's judgment so determining is not subject to this Court's redetermination in this proceeding. *Scholler v. Scholler,* 10 Ohio St.3d 98, 462 N.E.2d 158 (1984). Should Roger Welch wish to regain ownership of the firearms, he may wish to consider an appropriate purchase when they are offered for sale.

Based upon the foregoing, Roger Welch's objection to the confirmation of the debtor's Chapter 13 plan is hereby overruled, and the Court will proceed to enter an order confirming the debtor's proposed Chapter 13 plan.

IT IS SO ORDERED.