WALKUP, APPELLEE, *v.* WALKUP, APPELLANT.

(Nos. CA85-12-010 and CA86-02-003—
Decided October 6, 1986.)

*Michael P. Kelly,* for appellee.
*Thomas F. Grennan,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Brown County.

Defendant-appellant, Billie G. Walkup, and plaintiff-appellee, Brenda Walkup, were married on March 22, 1970. On March 21, 1985, appellee filed a divorce complaint, to which appellant filed an answer and counterclaim. The Brown County Court of Common Pleas granted appellee's divorce, found that a minor child was issue of the marriage, awarded custody of that child to appellee and ordered appellant to pay $150 per week child support. The court granted appellant credits totaling $35,000 for property brought into the marriage. However, the court did not grant appellant credit for the appreciation of either non-marital asset.

Appellant timely filed the instant appeal, naming three assignments of error. His first assignment of error is as follows:

"The Court errored [*sic*] to the prejudice of the Defendant in finding the minor child, Amber Jean Walkup, to be an issue of the marriage, where the evidence showed intercourse between the Plaintiff and a stranger to the marriage at the time of conception, and expert medical testimony showed that the Defendant could not have possibly been the father of the child."

The evidence presented at trial showed that a child was born on November 28, 1979, four years after appellant underwent vasectomy surgery.

The deposition of Dr. John A. Powell, the physician who performed the vasectomy, established that appellant failed to return until July 1, 1985 for a test to determine whether the vasectomy was successful. At that time, appellant was found to be sterile. Dr. Powell stated that not all vasectomies work, and that if the patient had reconstructive surgery or if the vasectomy was ineffective, the patient could still father a child.

Further, evidence showed that appellee and appellant had had sexual relations without utilizing contraception on an average of once per week for the three and one-half years prior to conception of this child, with no resulting pregnancy. Appellee testified that appellant acted as a parent to the child, and never denied paternity during the marriage.

R.C. 3111.03 provides in part:

"(A) A man is presumed to be the natural father of a child under any of the following circumstances:

"(1) The man and the child's mother are or have been married to each other, and the child is born during the marriage * * *.

"(B) * * * A presumption that arises

under this section can only be rebutted by clear and convincing evidence * * *."

Of course, were the husband found to be sterile at the time of conception, the presumption would be rebutted. However, the mere fact that the husband had a vasectomy prior to conception is insufficient to overcome the presumption. Here, appellant's own expert stated that vasectomies sometimes fail, and that their effect may be reversible. Further, appellant failed to undergo sterility tests until several years after conception occurred. Thus, sterility at the time of conception was not established.

Generally, the most convincing evidence to rebut the presumption (other than sterility) is that there were no sexual relations between husband and wife during the time conception must have occurred. See *Joseph* v. *Alexander* (1984), 12 Ohio St. 3d 88, 12 OBR 77, 465 N.E. 2d 448. However, evidence to that effect is lacking in this case. Further, the presumption of appellant's paternity prevails even though appellee admitted having had sexual relations with another man. See *Lynn* v. *State* (1934), 47 Ohio App. 158, 191 N.E. 100.

Therefore, we conclude that appellant failed to prove by clear and convincing evidence that he was not the child's father and appellant's first assignment of error is overruled.

Appellant's second assignment of error is as follows:

"The Trial Court below abused its discretion by treating the appreciation in value of the Defendant's non-marital stock investment as marital property and dividing it between the parties."

Prior to the marriage, appellant was notified that as a result of his employer's reorganization, he had an opportunity to invest in a new company. On January 12, 1970, appellant signed and returned to the company an informal subscription for $10,000 worth of stock. The parties were married March 22, 1970. Approx-imately two weeks later, appellant forwarded a $10,000 check in payment of his subscription. In December 1977, appellant sold the stock for approximately $56,000 and placed the proceeds in a savings account. Appellant testified that the money was deposited in his individual account.

The trial court credited appellant with the $10,000 brought into the marriage. Appellant contends that the sum which remained in his separate savings account should be credited to him as appreciation of the initial investment.[1]

The mandate of R.C. 3103.04 is that "[n]either husband nor wife has any interest in the property of the other * * *." The $10,000 brought into the marriage by appellant in the form of money was non-marital property. The question, therefore, is whether the $10,000 retained its character as a nonmarital asset through its conversion to stock, and whether the subsequent appreciation in the value of the stock is also non-marital property.

We consider the appreciation in value of the stock a non-marital asset. Because it was appellant's intent to convert the $10,000 to stock before the marriage, and because the stock was purchased solely from a non-marital property source, we hold that it retained its non-marital character. Of course, the fact that certain property was brought into the marriage by one party is not necessarily determinative of the disposition of that property. *Sanzenbacher* v. *Sanzenbacher* (1981), 3 Ohio App. 3d 180, 3 OBR 206, 444 N.E. 2d 454. However, because the increase in the stock's value was in no part due to any effort by appellee, and because neither marital funds nor labor was expended to increase the stock's value, it would be inequitable in this case to divide the ap-

---

[1] Appellant does not ask that $25,000 of the account, spent out of the proceeds, be credited to him.

preciation. See *Worthington* v. *Worthington* (1986), 21 Ohio St. 3d 73, 21 OBR 371, 488 N.E. 2d 150.

Appellant's second assignment of error is therefore sustained.

Appellant's third assignment of error reads as follows:

"The Trial Court below abused its discretion in not treating any of the appreciated value in the marital residence which was originally derived from the Defendant's home and brought into the marriage, and which increase was due to market fluctuation and inflation, as a non-marital asset."

Prior to the parties' marriage, appellant owned his own home, which immediately after the marriage became the marital residence of the parties. The following year, appellant's home was sold for the sum of $25,000. The sale proceeds were immediately invested in an eighty-acre farm, purchased by the parties for the sum of $32,000. The parties made improvements to this new home in the amount of $15,000. The eighty-acre farm was sold for $90,000, and the proceeds again were used for the purchase of a third home for the sum of $95,000, to which the parties made improvements costing $14,000. Although appellee argues that she believes the value of such home to be $109,000, a certified appraiser testified that in his opinion the present market value of the home was $72,000.

Appellee introduced lengthy testimony showing that she contributed a considerable amount of labor to maintain and improve the real estate owned during the marriage. In determining property distribution, the trial court ordered the parties' last residence sold, giving appellant credit for the $25,000 from the sale of his first residence.

Where, as here, significant marital funds and labor are expended to improve and maintain non-marital property, a trial court does not abuse its discretion by apportioning the appreciated value of the property as a marital asset. *Worthington, supra,* at 76, 21 OBR at 374, 488 N.E. 2d at 153-154. After a review of the circumstances in the case *sub judice* and considering the factors enumerated in R.C. 3105.18, we cannot say that the trial court abused its discretion in apportioning the appreciated value of the property.

Appellant's third assignment of error is overruled.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed in part and reversed in part and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment affirmed in part, reversed in part, and cause remanded.*

KOEHLER, P.J., JONES and HENDRICKSON, JJ., concur.