**Hamilton v. Burke
Case No. 89CA6
Gallia County (4th)
Decided February 7, 1990**
[Cite as 1 AOA 175]

*Counsel for Appellant: C. Jeffrey Adkins, Gallia County Courthouse, Galipolis, Ohio 45631,*

*Counsel for Appellee: David T. Evans, 456 Second Avenue, Gallipolis, Ohio 45631.*

GREY J.

This is an appeal from a judgment of the Juvenile Division of the Gallia County Common Pleas Court dismissing a Complaint to Establish the Father-Child Relationship filed by Sheri Hamilton against Michael Lloyd Burke. We reverse.

On November 18, 1988 Sheri and Leland Hamilton were granted a divorce by Gallia County Common Pleas Court. In the November 18, 1988 entry, the trial court adopted the report and recommendations of the referee. The entry included findings that Brandi and Dustin Hamilton, dob March 4, 1985, were born during the marriage, that Leland Hamilton had a vasectomy in 1982, and that during a period of separation between Leland and Sheri Hamilton, Sheri Hamilton had sexual relations with another man. Also included in the entry was a finding by the referee that there was clear and convincing evidence to rebut the statutory presumption that Leland Hamilton was the father of Brandi and Dustin Hamilton.

On December 15, 1988, the Gallia County Prosecutor's Office filed a Complaint to Establish the Father-Child Relationship on behalf of Sheri Hamilton against Michael Lloyd Burke in the Juvenile Division of the Gallia County Common Pleas Court.

On January 19, 1988 Burke filed an answer and a motion to dismiss the paternity complaint asserting that legal paternity had been presumptively established.

The matter came on for hearing on February 23, 1989. Counsel for the parties stipulated that Sheri Hamilton was married to Leland Hamilton at the time of both the conception and birth of the children, and that Leland Hamilton had a vasectomy prior to the conception of the children. The trial court dismissed the complaint holding that the presumption of legitimacy stated in R.C. 3111.03(A)(1) was not overcome.

Hamilton appeals and assigns the following error:

"The court erred in dismissing the complaint to establish the father-child relationship based upon the presumptions stated in R.C. 3111.03(A)(1) as there was sufficient evidence through the stipulations presented for the court to overrule the motion to dismiss and order blood testing to determine paternity."

R.C. 3111.03(A)(1) provides:

"(A) A man is presumed to be the natural father of a child under any of the following circumstances:

(A) The man and the child's mother are or have been married to each other, and the child is born during the marriage or is born within three hundred days after the marriage is terminated by death, annulment, divorce, or dissolution or after the man and the child's mother separate pursuant to a separation agreement."

We must now examine this presumption as it is applied to the matter before this court. We note that the trial court erroneously combined the facts of Mrs. Hamilton's divorce with her suit against Burke, thus, misapplying the R.C. 3111.03(A)(1) presumption.

Before us are two separate and distinct applications of that presumption. We turn first to the divorce between the Hamiltons. Although neither the referee's recommendations nor the divorce decree is part of the record on appeal, we note from the stipulations of the parties during the hearing below that the R.C. 3111.03 presumption had been raised as a matter of law during the Hamilton's divorce proceedings when the referee attempted to determine if Leland Hamilton would be required to pay child support for Brandi and Dustin. The presumption found in R.C. 3111.03 was created by the legislature for the benefit and protection of the children of the marriage from the stigma of illegitimacy. In the Hamilton's divorce proceedings, the presumption that Leland Hamilton was the natural father of Brandi and Dustin existed as matter of law when the parties filed for divorce.

The presumption created by this statue is not irrebuttable. The presumption of paternity may be rebutted by clear and convincing evidence. *Hulett* v. *Hulett* (1989), 45 Ohio St. 3d 288; *Johnson* v. *Adams* (1985), 18 Ohio St. 3d 48. Again, although not in the record before this court, it is apparent from the paternity action filed by Hamilton against Burke, that the court in the divorce proceedings found that Leland Hamilton had rebutted that presumption of paternity by clear and convincing evidence.

We now turn to the matter presently before this court. In his defense, Burke raised the R.C. 3111.03 presumption and argued that despite the stipulations made by the parties, the presumption that Leland Hamilton was the natural father of Brandi and Dustin had not been overcome in the divorce case. The trial court in this case agreed. In reaching its decision the trial court relied heavily on *Walkup* v. *Walkup* (1986), 31 Ohio App. 3d 248. In *Walkup*, the Twelfth District Court of Appeals held the mere fact that a husband has a vasectomy is insufficient to overcome the presumption created by R.C. 3111.03. *Walkup* is distinguishable from the case here in that in *Walkup* the presumption was raised during a divorce proceeding. Further, in that case, Mr. Walkup did not present sufficient evidence to support his assertion that the children born as issue of the marriage were not his.

Again, we must look to the purpose of R.C. 3111.03. In a divorce proceeding it is used as a shield for the benefit of the innocent children of the marriage. The legislature did not intend the statue to be used as a sword to defeat the primary purpose of R.C. 3111.03. For an erstwhile putative father to raise the presumption of paternity created by R.C. 3111.03 in his defense flies in the face of the protective nature of that statute. Had the divorce court determined Leland Hamilton to be the father of Brandi and Dustin, Burke certainly would have used that decision as defensive shield against Sheri Hamilton's paternity complaint. The statute was not created to be used in paternity proceedings as protection for putative fathers but rather in divorce proceedings to protect the legitimacy of the issue of the marriage.

The Gallia County of Common Pleas held that Leland Hamilton was not the natural father of Brandi and Dustin Hamilton thus cloaking them with the stigma of illegitimacy. The trial court below erred in permitting Burke to use that same statute to protect himself at the expense of Brandi and Dustin Hamilton. If the divorce decree is a bar to an action against this putative father it is a bar to any action

against any putative father. In this case we have the anomalous result where the divorce court has held that the husband is not the father, but that decision is a bar to an action proving who the real father is, and thus that these children have no father at all.

We note that although the court below found that the R.C. 3111.03 presumption had not been properly rebutted during the Hamilton's divorce, we believe that the issue of Leland Hamilton's presumed paternity had been decided previously by the Gallia County Court of Common Pleas as a portion of the Hamilton's divorce decree. That court's decision was res judicata on the issue of Leland Hamilton's presumed paternity. However, the res judicata effect of that decision does not apply to the facts here. In order for a previous judgment to be res judicata upon another matter, there first must be an identity of issues. Here, there is no such identity. In the divorce, the issue was whether Leland Hamilton was the natural father of Brandi and Dustin. Below, the issue was whether Burke was the natural father of those children. Thus, there is not the requisite identity of issues to make the divorce court's decision res judicata on the issue of the paternity of Brandi and Dustin.

Such is a question of fact to be decided at an evidentiary hearing before the trial court where the results of the blood tests to be performed on Burke will be submitted. The trial court erred by dismissing this matter without allowing such evidence to be presented.

We note, procedurally, the trial court dismissed the matter below in what this court can only assume was a Civ. R. 12(B)(6) dismissal. This was also error since a 12(B)(16) dismissal is only valid if the complaint, on its face, does not state *any* set of facts, which if proven, would entitle the plaintiff to the relief requested. Here, the trial court did not dismiss the matter on the face of the pleadings but rather held a hearing, heard evidence and then made its decision. To dismiss the matter under such circumstances was clearly erroneous. Assuming arguendo that the trial court had in reality converted Burke's Motion to Dismiss into one for Summary Judgment, we again find that the trial court erred. As previously stated, there is a question of fact as to the issue of the Burke's presumed paternity. Thus, the granting of summary judgment would also have been improper in this case.

Since the trial court erred both substantively and procedurally in dismissing Hamilton's complaint we find her assignment of error to be well taken and thus sustain it.

The judgment of the trial court is reversed, cause remanded for proceedings consistent with this opinion.

It is ordered that (appellant-appellee) recover of (appellant-appellee) her costs herein taxed.

The Court there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the *Juvenile Division of the Gallia County Common Pleas* Court to carry this judgment into execution.

Any Stay previously granted by this Court is hereby terminated as of the date of filing of this Entry.

*JUDGMENT REVERSED,
CAUSE REMANDED*

HARSHA, J. Concurs in Judgment Only
STEPHENSON, J. Concurs with Attached Concurring Opinion

STEPHENSON, J., Concurring
I concur in the judgment only for the following reasons. The record reflects appellant filed a parentage act complaint averring appellee to be the father of the children in question. Appellee filed an answer denying paternity and further averring that the time of conception and birth of the children appellant was married to Leland Hamilton. At the time of filing his answer, appellee filed a motion to dismiss the complaint, which reads as follows:

> "Now comes the Defendant, Michael LLoyd Burke, by and through his Counsel, David T. Evans, and moves the Court for an Order dismissing this cause for the reason that the Plaintiff-Mother was married to Leland Hamilton at the time of conception and birth of these children and that legal paternity has, thereby, been presumptively established."

The court scheduled a hearing on the motion at which the parties stipulated (1) that as set forth in the pleadings, appellant was married to Leland Hamilton at time of conception and birth, and (2) Leland Hamilton had undergone a vasectomy prior to conception of the children. No other evidence was introduced. Specifically, none of the proceedings in appellant's divorce action were presented.

The court sustained the motion to dismiss apparently for the reason that the presumption of legitimacy was not overcome.

The initial focus must be upon the nature of the hearing to dismiss. It could not properly be considered a Civ. R. 12(B)(6) motion since it must be filed before a responsive pleading was made. Neither can the motion be viewed as one for summary judgment since all summary material must, pursuant to Civ. R. 56(C), be filed prior to the hearing date. Consequently, the motion must be viewed as one for judgment on the pleadings pursuant to Civ. R. 12(C).

In determining a Civ. R. 12(C) motion, a court is confined to the allegations of the pleadings with all reasonable inferences drawn in favor of the non-moving party. Only when the pleadings disclose there is no disputed material issue of fact and the moving party is entitled to judgment as a matter of law may judgment on the pleadings be granted. McCormac, Ohio Civil Rules Practice (1987 Supp.), Sec. 6.31.

Manifestly, upon the pleadings before the court, appellee was not entitled to judgment as a matter of law. R.C. 3111.03 creates a presumption of paternity that the husband is the father of a child born during marriage. However, this presumption may be rebutted by clear and convincing evidence. Since the presumption is not conclusive, a factual question thus exists as to whether or not appellant can overcome the presumption at trial.

I emphatically dissent from that portion of the majority opinion which appears to hold that appellee is not entitled to use the presumption in his defense at trial. Indeed, Vol. 3, The Standard Ohio Jury Instruction, Sec. 348.03(A), specifically provides for utilization of such defense by a third party.

Upon remand, this court should proceed with the pre-trial hearing as required by R.C. 3111.11.