OPINION
{¶ 1} The following is an accelerated calendar appeal submitted on the briefs of the parties. Appellant, John Idone, appeals from a judgment of the Portage County Court of Common Pleas, granting a divorce to appellee, Cynthia Idone, and dividing the parties' property. For the reasons that follow, we affirm.
 {¶ 2} By way of background, appellant and appellee were married on October 9, 1982, in West Virginia. Two children were born as issue of the marriage and, in 1993, the parties moved to Portage County, Ohio. The sole focus of this appeal is the trial court's division of American Express stock and Lehman Brothers stock as marital property.
 {¶ 3} On August 2, 2002, appellee filed a complaint for divorce with the Portage County Court of Common Pleas. The complaint requested a divorce based upon appellant's gross neglect of duty and the parties' incompatibility.
 {¶ 4} Appellant timely answered, and this matter proceeded to a magistrate hearing. During the hearing, the parties presented evidence regarding the value, origination, and appreciation of American Express stock and Lehman Brothers stock. Appellant testified that, in 1987, his father gifted him 100 shares of American Express stock, which he enrolled in a dividend reinvestment plan.
 {¶ 5} A copy of the stock certificate was formally admitted as an exhibit. The stock certificate named appellant as the holder of 100 shares of American Express stock, as of June 12, 1987. Moreover, an August 12, 2002 summary of the dividend reinvestment plan was admitted as an exhibit. The summary established the existence of 108 shares of American Express stock. Appellant stated that the dividend reinvestment plan was a passive-income account, as he had not made any contributions to the plan since the original enrollment of 100 shares in 1987.
 {¶ 6} Appellant further testified that the original 100 shares of American Express stock increased due to numerous stock splits. Specifically, appellant stated that the stock splits resulted in 300 additional shares of American Express stock and 48 additional shares of Lehman Brothers stock.[1]
 {¶ 7} Exhibits admitted during the hearing verified these totals. Appellee admitted exhibit "7," which was a March 2003 statement of a Paine Webber investment account, held jointly by the parties. Exhibit "7" demonstrated that the Paine Webber joint account included 100 shares of American Express stock and 48 shares of Lehman Brothers stock. In addition, appellee admitted exhibit "8," which was a March 2003 statement of a Charles Schwab investment account, held jointly by the parties. Exhibit "8" established that the Charles Schwab joint account contained 200 shares of American Express stock.
 {¶ 8} Appellee initially testified that the original 100 shares of American Express stock was gifted by appellant's father to both appellant and her. But appellee later stipulated that the 100 shares of American Express stock were gifted solely to appellant. Despite this stipulation, appellee stated that she was unaware of any stock splits which resulted in the accumulation of 300 additional shares of American Express stock or 48 additional shares of Lehman Brothers stock.
 {¶ 9} Following the hearing, the magistrate issued a decision granting the parties a divorce and dividing the marital property. In paragraph eighteen of the decision, the magistrate found the American Express stock to be appellant's separate property. The magistrate further found that any appreciation of American Express stock was not marital property and was appellant's exclusive property.
 {¶ 10} Appellee filed timely objections to the magistrate's decision. In particular, appellee argued that the magistrate erred in determining that the additional American Express/Lehman Brothers stock, held in the joint accounts, was appellant's separate property.
 {¶ 11} After appellant responded to the objections, the trial court issued a judgment entry which reversed the magistrate's decision with respect to the distribution of the stock held in the joint accounts. The court determined that the American Express/Lehman Brothers stock, held in the joint accounts, represented marital property and were to be divided equally between the parties. The court's divorce decree judgment entry likewise found that the additional American Express/Lehman Brothers stock was marital property and to be divided equally.
 {¶ 12} From this judgment, appellant has filed a timely appeal and now sets forth the following assignment of error for our consideration:
 {¶ 13} "The trial court erred as a matter of law by reversing Paragraph 18 of the Magistrate's Decision filed September 26, 2003."
 {¶ 14} We will first set forth the general standard of review. A trial court is given broad discretion in its division of marital assets. Cherryv. Cherry (1981), 66 Ohio St.2d 348, paragraph two of the syllabus. Accordingly, as a reviewing court, our inquiry is limited to whether the trial court abused that discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128, 131. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 15} Under his sole assignment of error, appellant argues that the trial court erred by reversing the magistrate's decision and dividing the American Express stock and Lehman Brothers stock, held in the joint accounts, as marital property. First, appellant notes appellee has stipulated that his father's gift of 100 shares of American Express stock — enrolled in the dividend reinvestment plan — was appellant's separate property. Appellant maintains the evidence establishes that the additional 300 shares of American Express stock and the additional 48 shares of Lehman Brothers stock were the result of stock splits from the 100 shares gifted by his father. Accordingly, appellant concludes that the 348 additional shares of American Express/Lehman Brothers stock are his separate property, as this stock was adequately traced to the original 100 shares gifted by his father and was the result of passive appreciation.
 {¶ 16} When a trial court grants a divorce, the court must determine what constitutes the parties' marital property and what constitutes their separate property. Barkley v. Barkley (1997), 119 Ohio App.3d 155, 159. The trial court's characterization of the parties' property as either marital or separate involves a factual inquiry under the manifest weight of the evidence standard. Earnest v. Earnest, 151 Ohio App.3d 682, 689,2003-Ohio-704. Accordingly, under this standard, the judgment of the trial court will not be reversed if the court's decision is supported by competent, credible evidence. Id.
 {¶ 17} R.C. 3105.171(A)(3)(a)(i) broadly defines marital property as all real or personal property that is currently owned by either or both spouses and was acquired by either or both spouses during the marriage. In relation to the instant case, marital property has been specifically defined as "all income and appreciation on separate property due to labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage." R.C. 3105.171(A)(3)(a)(iii). See, also, Barkley at 164.
 {¶ 18} In contrast, separate property includes "passive income and appreciation acquired from separate property by one spouse during the marriage[.]" (Emphasis added.) R.C. 3105.171(A)(6)(a)(iii). Passive income is defined as "income acquired other than as a result of labor, monetary, or in-kind contribution of either spouse." R.C. 3105.171(A)(4).
 {¶ 19} The record before us establishes that the original 100 gifted shares of American Express stock was appellant's separate property. Any appreciation of this stock, which was not the result of the parties' labor, money, or in-kind contribution, would represent appellant's separate property. See, e.g., Walkup v. Walkup (1986),31 Ohio App.3d 248, 250. Accordingly, if appellant's 100 shares of American Express stock increased due to a stock split, the additional shares would be appellant's separate property.
 {¶ 20} Nevertheless, it was appellant's burden to prove that the additional 348 shares of American Express/Lehman Brothers stock was acquired or derived from his separate property. R.C.3105.171(A)(6)(a)(iii). See, also, Earnest at 771. Consequently, "[a]ppellant as the party seeking to establish an asset as separate property, has the burden of proof, by a preponderance of the evidence, to trace the asset to separate property." Earnest at 771.
 {¶ 21} Appellant has failed to prove, by a preponderance of the evidence, that the additional 348 shares of American Express/Lehman Brothers stock originated from stock splits of his separate property interest in the original 100 gifted shares of American Express stock. The exhibits appellant relies upon to establish the stock splits merely demonstrate the existence of additional American Express/Lehman Brothers stock. Other than appellant's self-serving testimony, there is no evidence that would support his assertion that the additional stock was derived from his original 100 shares of American Express stock.
 {¶ 22} Although appellant testified that the additional shares of stock resulted from stock splits of the 100 original shares, he fails to provide any corroborative evidence in support of this testimony. Furthermore, appellee testified that she was unaware of any stock splits and that appellant's father had gifted money or stock to the parties and their children on numerous occasions. Thus, appellee presented some testimony which rebutted appellant's unsupported assertion that the additional stock originated from his 100 gifted shares.
 {¶ 23} Appellant has failed to prove, by a preponderance of the evidence, that the additional 348 shares of American Express/Lehman Brothers stock are traceable to his separate property. Therefore, appellant has failed to establish that the appreciation of stock was acquired from his separate property, pursuant to R.C.3105.171(A)(6)(a)(iii). Appellant's sole assignment of error is without merit.
 {¶ 24} Based upon the foregoing analysis, the trial court did not abuse its discretion in determining that the 348 shares of American Express/Lehman Brothers stock, held in the joint accounts, were marital property and were to be divided equally. We hereby affirm the judgment of the trial court.
Ford, P.J., Grendel, J., concur.
[1] The Lehman Brothers stock originated from American Express acquiring Lehman Brothers.