WORTHINGTON, APPELLANT, *v.* WORTHINGTON, APPELLEE.

[Cite as Worthington *v.* Worthington (1986), 21 Ohio St. 3d 73.]

(No. 84-1536—Decided January 15, 1986.)

74

*McConn & Cutrell* and *Jay D. Cutrell,* for appellant.

*West, West & Yelton, Paul R. Yelton, Lindhorst & Dreidame* and *Robert C. Martin,* for appellee.

CELEBREZZE, C.J. The issue first presented for our review is whether the trial court abused its discretion in considering as a marital asset the appreciation in value of a non-marital property.

We begin by restating what is by now a well-established principle relevant to the equitable division of property, which is that "* * * trial courts are vested with broad powers in determining the appropriate scope of property awards in divorce actions." *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318, 319 [23 O.O.3d 296].

Appellee contends that appreciation in the value of a non-marital property is not a marital asset and cannot be apportioned into marital and non-marital components. Appellee supports a formula which provides that only additions or improvements made by the expenditure of marital funds and labor are marital property in the ratio of the value added and the value of the non-marital property prior to the addition or improvement.[1]

---

[1] Appellee's formula is taken from Principles and Guidelines for the Division of Property in Actions for Divorce in Ohio, prepared by the Domestic Relations Division of the Court of Common Pleas of Cuyahoga County and published in 54 Ohio Bar, 491-524 (1981). Part One, Marital and Nonmarital Property, reads in pertinent part:

Adherence to such a hard and fast rule is not desirable especially when, as here, the parties are unable to agree on the division of property and place the controversy squarely in the trial court's hands for an equitable solution. Indeed, this court stated in *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 355 [20 O.O.3d 318], that "* * * it is ill-advised and impossible for any court to set down a flat rule concerning property division upon divorce."

Many competing considerations confront the trial court when it must make a fair division of property. We emphasized in *Cherry, supra,* the importance of the trial court's consideration of the factors contained in R.C. 3105.18[2] and all other relevant factors in arriving at a property division. As we have recognized, these factors differ from case to case, and thus a

---

"I. NONMARITAL PROPERTY

"A. PROPERTY ACQUIRED BY A PARTY PRIOR TO THE MARRIAGE IS NOT MARITAL PROPERTY.

"* * *

"F. AN INCREASE IN THE VALUE OF NONMARITAL PROPERTY IS NOT MARITAL PROPERTY.

"If the right to hold separate property is to be meaningful, it necessarily must include the right to an increase in value. By the same token, a decrease in the value of separate property may not be reimbursed from marital property.

"1. An increase due to inflation or to a change in market value or as a result of conditions outside the control of the parties is not marital property.

"2. An addition or improvement made by the expenditure of marital funds or as a result of work furnished by either or both parties during the marriage is marital property—its value being in the ratio of the value added and the value of the property immediately before the addition or improvement was made. * * *"

[2] R.C. 3105.18 states:

"(A) In a divorce, dissolution of marriage, or alimony proceedings, the court of common pleas may allow alimony as it deems reasonable to either party.

"The alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, as the court deems equitable.

"(B) In determining whether alimony is necessary, and in determining the nature, amount, and manner of payment of alimony, the court shall consider all relevant factors, including:

"(1) The relative earning abilities of the parties;

"(2) The ages, and the physical and emotional conditions of the parties;

"(3) The retirement benefits of the parties;

"(4) The expectancies and inheritances of the parties;

"(5) The duration of the marriage;

"(6) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;

"(7) The standard of living of the parties established during the marriage;

"(8) The relative extent of education of the parties;

"(9) The relative assets and liabilities of the parties;

"(10) The property brought to the marriage by either party;

"(11) The contribution of a spouse as homemaker.

"(C) In an action brought solely for an order for alimony under section 3105.17 of the Revised Code, any continuing order for periodic payments of money entered pursuant to this section is subject to further order of the court upon changed circumstances of either party."

formulaic division of property is virtually an impossible task for the trial court.

Among the considerations for the trial court in the instant case were the relative earning abilities of the parties, the parties' physical and emotional conditions, retirement benefits, duration of the marriage, the extent of education of the parties, and appellant's contribution as homemaker. Evidence before the court showed that appellant, who was Korean-born and married appellee at age twenty-six, still spoke only broken English. She had apparently not pursued further education, but rather had chosen the role of homemaker for appellee and his children from a previous marriage. The breakdown of the marriage left her with serious emotional problems necessitating therapy. Her opportunities for employment were limited. Appellee, on the other hand, was a long-time employee of Procter and Gamble who looked forward to a comfortable pension upon retirement. He also owned a valuable tract of farmland which had substantially increased in value, in part due to the efforts of both parties during the marriage.

In view of appellant's less fortunate status, her need for emotional rehabilitation and the security of a steady income, and in view of her significant contribution to the maintenance and improvement of appellee's farm property during the marriage, the trial court decided that it was equitable to apportion the appreciation on appellee's farm property in determining the division of the property. As we stated in *Martin v. Martin* (1985), 18 Ohio St. 3d 292, 294-295, "[i]n reviewing the equity of a division of property, one of the basic guidelines an appellate court is bound to follow is that the trial court's judgment cannot be disturbed on appeal absent a showing that the common pleas court abused its discretion in formulating its division of the marital assets and liabilities of the parties."

This implies more than merely an error of law or judgment. Rather, to constitute abuse of discretion, the court's attitude must be unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 219. Given the facts and circumstances of the instant case, and our refusal to impose flat rules for the division of property, we cannot say that the trial court abused its discretion by apportioning into marital and non-marital components the appreciation on appellee's farm property. We hold that a trial court, in determining the division of property pursuant to the factors contained in R.C. 3105.18 and all other relevant factors, does not abuse its discretion by apportioning the appreciation in value of non-marital property as a marital asset, where significant marital funds and labor are expended to improve and maintain such property.

Appellee next contends that the trial court abused its discretion in awarding appellant her interest in appellee's pension fund shares earned during the marriage without first determining whether appellee had a present right to withdraw those shares. Appellee does not dispute the fact that the pension shares were a marital asset, but rather objects to the

award contingent on the happening of a future event, his eligibility to withdraw them. Although the parties themselves were not certain as to appellee's present eligibility, the trial court was aware from the record that appellee's pension was vested and that his mandatory retirement age was seventy. Thus, the trial court knew that at a certain point in time, appellee could withdraw his shares.

The trial court, in its order, calculated appellant's interest as three hundred seventy-six shares and it made provision for the award of those shares at appellee's first opportunity to withdraw them. We have previously stressed the broad discretion and flexibility necessarily given to trial courts in determining the division of property. Due to the uncertainty which existed in the instant case, the trial court sensibly made a present award, with delivery of the shares to await appellee's ability to withdraw them. We find no abuse of discretion in the determination.

For the foregoing reasons, the judgment of the court of appeals is reversed and the judgment of the trial court is reinstated.

*Judgment reversed.*

SWEENEY, LOCHER, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

HOLMES, J., dissents.

HOLMES, J., dissenting. I agree with the principle contained in the syllabus that non-marital property may be apportioned when "significant marital funds and labor are expended to improve and maintain such property." However, due to the majority's apparent misapplication of this and other principles of law, I am compelled to dissent.

It is uncontradicted that trial courts are vested with broad discretion in the division of marital property. *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318, 319 [23 O.O.3d 296]. Also, "it is ill-advised * * * for any court to set down a flat rule concerning property division upon divorce." *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 355 [20 O.O.3d 318]. However, the primary issue in the case *sub judice* is not the division of marital property, but is instead to determine whether, and to what extent, a non-marital asset has *become* marital property. Such determinations must, of necessity, depend on comparatively steadfast principles of law.

Notwithstanding equitable considerations, the courts below accepted the general rule that there is no jurisdiction in the trial court to divide property which belongs to either party separately. This same rule was expressly observed in *Berish, supra,* at 318-319. In that case, before any property division occurred, the trial court separated, as non-marital property, that which was acquired prior to the marriage. Also, the mandate of R.C. 3103.04 is that "neither husband nor wife has any interest in the property of the other * * *."

Certainly a spouse should receive a proportionate share of any increase in value of a non-marital asset resulting from an investment of marital funds or labor. It is no less axiomatic that " ' [i]f the right to hold separate property is to be meaningful, it necessarily must include the right to an increase in value * * * due to inflation or to a change in market value * * *.' " See fn. 1, majority opinion, at 75. Most of the increase in the farm property's value was due to inflation and market conditions, not to improvements made to the property. Consequently, most of the increased value should have been separate property.

The final property division was also unfair. Appellant was awarded title to the Hamersville property, free and clear of the mortgage taken on the farm to finance the Hamersville purchase. On the other hand, appellee received the whole mortgage obligation on the farm. Nor was there any apportionment made of the amount considered farm value increase. This effectively awarded appellant the entire amount attributable to the increased value of appellee's farm ($51,100). It should not be forgotten that "[m]arriage is a union of equals. Neither party should make a profit at the expense of the other." *Cherry, supra,* at 355, quoted in *Berish, supra,* at 320. The erroneous determination of what constituted marital property, compounded by the unfair property distribution, resulted in such an unreasonable property settlement as to be an abuse of discretion.

Accordingly, I would affirm the court of appeals.