OPINION
Appellant Michael Westfall is appealing the decision rendered by the Delaware County Court of Common Pleas in a divorce action filed by Appellee Mary Westfall on June 28, 1996. Appellant filed an answer and counterclaim for divorce on July 26, 1996.
The parties to this action were married on August 28, 1965. One child was born as issue of the marriage and was emancipated at the time of the filing of the complaint. Appellee is employed as office manager for the Department of Parks and Recreation for the City of Westerville with an annual income of $26,540.80. Appellant is employed at Building Officials and Code Administrators International and earns $53,300 annually. Appellant also has an interest in rental properties in Lansing, Michigan.
This matter proceeded to trial commencing on April 18, 1997, and concluded on April 24, 1997. The magistrate issued his decision on April 28, 1997. Appellant timely filed objections on May 12, 1997. On September 30, 1997, the trial court overruled appellant's objections, granted the divorce, divided marital assets and ordered appellant to pay spousal support. Appellant timely filed his notice of appeal and sets for the following assignments of error for our consideration:
 I. WHETHER THE DECISION TO GRANT PLAINTIFF SPOUSAL SUPPORT CONSTITUTES AN ABUSE OF DISCRETION AND IS ERROR.
 II. WHETHER THE FAILURE TO INCLUDE PLAINTIFF'S CURRENT PUBLIC EMPLOYEES RETIREMENT SYSTEM BALANCE AS AN ASSET OF THE PARTIES AND TO OFFSET IT AGAINST ANOTHER RETIREMENT ASSET CONSTITUTES AN ABUSE OF DISCRETION AND IS ERROR.
 III. WHETHER THE DECISION TO ORDER DEFENDANT TO PAY A PORTION OF THE BUY-BACK OF BOTH THE OHIO PUBLIC EMPLOYEES RETIREMENT SYSTEM AND THE WASHINGTON STATE PUBLIC EMPLOYEES RETIREMENT SYSTEM CONSTITUTES AN ABUSE OF DISCRETION AND IS ERROR.
 I
Appellant contends, in his first assignment of error, that the trial court abused its discretion when it awarded appellee spousal support. We disagree.
Although the allowance of spousal support is left to the sound discretion of the trial court, Dennison v. Dennison (1956),165 Ohio St. 146, 149, the General Assembly has set forth certain factors, in R.C. 3105.18(C)(1)(a)-(n), that a trial court is to consider in making this determination. Trial courts are required to consider these factors in determining whether to award spousal support and the amount to be awarded. Worthington v. Worthington
(1986), 21 Ohio St.3d 73, 75.
These factors are as follows:
 (a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 * * * of the Revised Code;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because he will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factors that the court expressly finds to be relevant and equitable.
In support of this assignment of error, appellant maintains the trial court erred when it considered the above factors in that the evidence presented, at trial, establishes that appellant is not entitled to an award of spousal support. We agree with appellee's position that upon consideration of the facts of this case and the factors listed above, the trial court did not abuse its discretion when it awarded spousal support. An abuse of discretion connotes more than an error of law or judgment, it implies the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
The record establishes that appellant makes $26,759.20 more than appellee a year, in addition to an annual bonus and an expense account which produces net usable income for him. Although appellee owns rental properties, in Michigan, the only income she has received from these properties was the sum of $1,500 received on four or five occasions over a ten-year period and the requested $2,000 she received and used for legal fees for the filing of this divorce action. Tr. at 67.
Appellee testified that her earning ability will not change substantially from the present until her retirement as she will not be changing to a more lucrative employment prior to her retirement. Tr. at 69-70. The record establishes that appellee is two years older than appellant, has had bi-lateral breast cancer resulting in a double mastectomy and suffers from vasculitis. Tr. at 43-46. The record does not indicate that appellant suffers from any health problems.
Although each party has substantial retirement benefits, appellant's retirement will increase greater than appellee's because of his higher earning ability and due to the nature of his BOCA 401(K). This plan allows appellant to make up to a fourteen percent contribution to the plan in tax deferred earnings and his employer to make a nine percent match. Tr. at 291-292. As noted previously, this is a long-term marriage of thirty-one years.
The record also establishes the parties enjoyed a very comfortable standard of living which is evidenced by their incomes and the nature of their homes. Tr. at 28-29. Further, both parties are relatively comparably educated. However, appellant has had considerable on-the-job training and is also a licensed Realtor. As to the parties assets and liabilities, the trial court listed the following in its Judgment Entry Decree of Divorce:
Motor Vehicles
1990 Dodge Colt Appellee $0
1992 Toyota Camry Appellant $13,363.51
Intangible Personal Property
State Savings, checking account, joint, $100
Oppenheimer IRA, appellant, $45,503 as of April 11, 1997
Oppenheimer IRA, appellee, $22,449
Merrill Lynch IRA, appellee, $14,805.17 as of December 31, 1996
NFPA, savings, 401(K), appellant, $54,799.13 as of June 30, 1996
BOCA 401(K), $27,852.27 as of December 23, 1996
 LINA, annuity, appellant, $1,100 per month at age 65, case value $60,125.65 as of May 1, 1997 — subject to a 10% early withdrawal penalty and income taxes.
 PERS, appellee (4.5 years of prior employment being repurchased and current) $9,195.51 as of April 17, 1997
 Allstate Insurance, on life of appellee, face amount $300,000, cash value — $60,000
BOCA Insurance, on life of appellant, fact amount of $52,000
 City of Westerville Insurance, on life of appellee, face amount $50,000
 Ohio National Life Insurance, on life of appellee, face amount $5,000
 Certificate of Deposits, appellee, $30,000. The appellee inherited $32,000, spent $2,000, and put $15,000 each into 2 Certificates of Deposit in the name of the appellee and each of the parties' two grandsons around October of 1996.
 $5,000 POD account, appellant. The appellant recently received $15,000 in an account that was payable to the appellant upon his father's death.
 $1,666 life insurance benefits that appellant received due to the death of his father.
 Debts of the Parties
Creditor Purpose of Debt Balance Mos. Payment
Century Bank first mortgage $98,000 $890
Century Bank second mortgage $16,000 $400
DCB Camry $13,363.51 $429.63
Sun Television appellant $2,500
Judgment Entry Divorce Decree at 6-7.
As established above, the parties have substantial assets with only minimal debts. We also find the tax consequences minimal because appellant is in the highest tax bracket and appellee is in the next to the lowest tax bracket. Appellant testified that due to the move to Washington State to accommodate appellant's job transfer, her earnings were lower than if she would not have changed jobs. Tr. at 115.
Based upon the above evidence, we find the trial court properly considered those factors contained in R.C.3105.18(C)(1)(a) through (n) and based upon the evidence presented, at trial, the trial court did not abuse its discretion when it awarded spousal support to appellant.
Appellant's first assignment of error is overruled.
 II, III
We will address appellant's second and third assignments of error simultaneously as both concern issues surrounding appellee's PERS accounts. Appellant contends, in his second assignment of error, the trial court abused its discretion when it failed to include appellee's PERS balance as an asset and offset it against another retirement asset. In his third assignment of error, appellant maintains the trial court abused its discretion when it ordered him to pay a portion of the buy-back of both the Ohio PERS and Washington PERS. We disagree.
The parties' retirement assets total $233,534.22. Appellant maintains that if the retirement assets were equally split, each party would receive $116,761.11. However, in the case sub judice, the trial court awarded appellee $112,609.44 and ordered appellant to pay the difference between this amount and $116,767.11, which is $4,157.67. Judgment Entry Decree of Divorce at 6-7.
Appellant maintains that based upon the above division of retirement assets, the trial court did not offset any portion of value of appellee's PERS account against any other asset. The trial court also ordered appellant to pay one-half the cost of buying back additional in-state and out-of-state service credits from his share of the proceeds from the sale of the marital residence. Judgment Entry Decree of Divorce at 5.
In the case of Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 180, the Ohio Supreme Court explained "* * * any given pension or retirement fund is not necessarily subject to direct division, but is subject to evaluation and consideration in making an equitable
distribution of both parties' marital assets." (Emphasis added.) Clearly, the trial court has broad discretion in fashioning a division of retirement benefits that are equitable, which does not necessarily mean equal. We find the trial court did not abuse its discretion in the manner in which it did so. As noted above, appellant's retirement will increase far greater than appellee's due to his higher earning ability and due to the nature of his BOCA 401(K) plan. Appellant's second and third assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs to appellant.