OPINION
This is an appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant, James E. Bugos, Sr., appeals part of the July 21, 1998 and October 8, 1998 judgment entries relating to the issue of real property. Appellant claims that the entries do not indicate the portion of the current market value of the real estate that is appellant's separate property versus the marital property to be divided with appellee, Shelley E. Bugos.
The parties were initially married on November 25, 1987, in Trumbull County, Ohio. On March 25, 1997, appellant filed a complaint for divorce. No children were born as issue of the marriage. As grounds for the divorce, appellant asserted gross neglect of duty and incompatibility.
On May 23, 1997, appellee filed an answer to appellant's complaint and a counterclaim requesting a divorce and an award of temporary and permanent spousal support. A hearing was conducted on July 10, 1997, and the magistrate issued a decision on July 14, 1997. Appellant filed an objection to the magistrate's decision. On July 31, 1997, the trial court remanded the matter to the magistrate for further review while the parties agreed to resolve the matter at the final hearing.
A final hearing in this matter was held on March 18, 1998, and concluded on March 31, 1998.[1] The parties stipulated to various matters, but did not reach an agreement on the issue of property division. Specifically, they did not agree as to whether the real estate was marital or separate property and how the equity in the property was to be allocated. After both parties submitted their written final arguments, the trial court, on July 21, 1998, adopted the decision of the magistrate including the magistrate's findings of fact and conclusions of law, and issued a decree of divorce and ordered counsel to prepare a final judgment entry regarding the division of property and spousal support. The ensuing entry was prepared and approved on October 8, 1998. It incorporated the July 21 entry under "Exhibit A."
We note that no transcript was filed in this matter. Nonetheless, on October 29, 1998, the parties submitted an agreed statement of the evidence in accordance with App.R. 9(D), which revealed that on November 23, 1987, appellant purchased a home located at 167 Stewart in Champion, Ohio. Prior to purchasing the home, the parties lived together in a one-bedroom apartment for about seven months. They both decided to obtain a larger residence for their family.[2] The house was purchased for $40,000, and appellant provided a down payment of $8,000, which was separate premarital property. The initial deed and mortgage were solely in appellant's name because of appellee's outstanding medical bills. However, in the trial court's July 21, 1998 judgment entry, it found that the parties both executed the purchase agreement in October 1987 for the residence. The parties later took out a second mortgage in the amount of $9,800 in which both were designated as mortgagors. On March 4, 1994, a new joint survivorship deed was recorded in both parties' names. At the time of the final hearing, the balance owed on the first mortgage was $22,300 and the full amount remained owing on the second mortgage. The property was appraised at $84,000 at the termination of the marriage.[3] The trial court determined the property to be marital property, and thus, subject to division.
After the July 21, 1998 entry, appellant filed a notice of appeal on August 20, 1998. This court ruled that the notice of appeal was considered a premature appeal as to the October 8, 1998 judgment entry. Appellant asserts the following as error:
 "The trial court erred in not awarding [appellant] his separate premarital property and the passive appreciation on said property contrary to the express mandages [sic] of [R.C.] 3105.171."
Appellant's sole contention is that the trial court erred by not awarding appellant his separate premarital property and the passive appreciation on the property pursuant to R.C. 3105.171. Specifically, appellant argues that the appreciation in the value of the marital residence was passive, and thus, in addition to his award of the initial $8,000 down payment, he should have also been given credit for the pro rata appreciation on the down payment.
Initially, we note that R.C. 3105.171 controls the distribution of property at the termination of a marriage. This court has set forth the applicable standard of review as follows:
 "It is well established that in a domestic relations case, a trial court is given broad discretion in formulating its division of the marital assets and liabilities. Cherry v. Cherry (1981), 66 Ohio St.2d 348. A reviewing court is limited to a determination of whether, under the totality of the circumstances, the trial court abused its discretion in dividing the property. Holcomb v. Holcomb (1989), 44 Ohio St.3d 128, 131. The Supreme Court of Ohio has held that the term `abuse of discretion' implies that the court's attitude is arbitrary, unreasonable or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157-158. Accord Blakemore v. Blakemore (1983), 5 Ohio St.3d 217." Balogh v. Balogh (Dec. 29, 1995), Portage App. No. 94-P-0099, unreported, at 4; see, also, Donato v. Donato (June 26, 1998), Lake App. No. 96-L-224, unreported, at 6.
In the case sub judice, the parties do not dispute that appellant advanced an $8,000 down payment on the $40,000 residence with premarital funds, and that the $8,000 was appellant's separate property. Consistent with the parties' position on this point, the trial court awarded appellant the return of his down payment in the divorce decree because it was his separate property. The issue for review is what additional portion of the current equity in the residence should be considered the separate property of appellant versus marital property to be divided with appellee, if any.
After a trial court determines what constitutes separate property and what constitutes marital property, pursuant to R.C.3105.171(B), it is required to divide the property equitably with the separate property generally being designated to the spouse who brought it into the marriage. R.C. 3105.171(D).
Marital property is defined by R.C. 3105.171(A)(3)(a)(iii) as including, "* * * all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage; * * *"
Separate property, however, is defined to include:
 "(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;
 "(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage; * * *" R.C. 3105.171(A)(6)(a).
When either spouse makes a contribution, whether it is monetary, due to labor, or in-kind, that causes an increase in the value of separate property, the increase in the value is deemed marital property. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 400. The Supreme Court of Ohio, inWorthington v. Worthington (1986), 21 Ohio St.3d 73, syllabus, stated:
 "A trial court, in determining the division of property pursuant to the factors contained in R.C. 3105.18 and all other relevant factors, does not abuse its discretion by apportioning the appreciation in value of non-marital property as a marital asset, where significant marital funds and labor are expended to improve and maintain such property."
However, appreciation, as a result of an increase in the fair market value of separate property due to its location or inflation, is considered passive income. Munroe v. Munroe (1997), 119 Ohio App.3d 530,536. "The commingling of separate property with other property of any type does not destroy the identity of the separate property as separate property, except when the separate property is not traceable." R.C. 3105.171(A)(6)(b). "[T]raceability has become the focus when determining whether separate property has lost its separate character after being commingled with marital property * * *." Peck v. Peck (1994), 96 Ohio App.3d 731,734. Furthermore, the party seeking to have a particular asset labeled separate, bears the burden of proof, by a preponderance of the evidence. Letson v.Letson (Sept. 30, 1997), Trumbull App. No. 95-T-5356, unreported, at 6.
In the case at hand, the record before us demonstrates that improvements to the home were made, even though the record is devoid of exactly what improvements were done. Since appellant has failed to prove, by a preponderance of the evidence, that the appreciation in the property was separate property, the trial court did not abuse its discretion in the equal division of the proceeds after awarding appellant his initial $8,000 investment. Thus, it is our determination that any increase in the value of the property was marital property pursuant to R.C.3105.171(A)(3)(a)(iii).
In his brief, appellant relies on Munroe, but that case is distinguishable from the instant matter. In Munroe, the appellant-husband purchased a home for $22,000. After buying the property and moving in, he proposed marriage to the appellee-wife. The trial court determined that the appellant-husband purchased the real estate before there were any plans to marry. Hence, it considered the property separate property.
In the case at bar, the record demonstrates that both parties were involved in the decision to purchase the home. The property was acquired two days before their marriage. The only reason appellee's name was not on the deed and first mortgage, at the time, was because of her outstanding medical bills, and the couple's concern that if she were included in the title, creditors could encumber the real estate. In addition, the parties decided to take out a second mortgage, in which both of them were obligated. They also later re-deeded the property in both their names in a joint survivorship conveyance.
Consequently, it is our determination that the decision to purchase the residence was a joint decision. Further, the record supports the trial court's conclusion that the appreciation in the value of the martial residence was not passive, that inferentially it was, in part, the result of improvements during coverture, and that the increased value was appropriately found by the trial court to be marital property subject to division. Also, the actions of the parties with respect to both of them signing the purchase agreement, the liability on the second mortgage, and the execution of the joint survivorship deed demonstrate that the decision to purchase the home was made together. A review of the record before us also reveals that the parties bought the property with the intent of having a larger home for their children to come and visit. Moreover, they chose not to include appellee's name on the original deed and mortgage for fear of creditor's encumbering the property. Therefore, we conclude, based on the totality of the circumstances, that the trial court did not abuse its discretion when it ruled that the marital residence, other than appellant's down payment, was marital property.
For the foregoing reasons, appellant's assignment of error is without merit. Accordingly, the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
 __________________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J., O'NEILL, J., concur.
[1] The record is unclear as to whom the hearing was before.
[2] Apparently, both appellant and appellee had children from prior marriages.
[3] The record is unclear as to whether the property increased in value because improvements were made to the property during the marriage. However, in appellant's final written argument, he states that "* * * there were very few improvements to the property * * *." In appellee's final argument, she asserts that a substantial amount of marital money was put into the residence for repairs in 1988. She also alleges that the money from the second mortgage was used to make repairs and renovations to the home. It appears that the foregoing statements made by both parties in their final written arguments constitute a judicial admission that there were improvements, although we are uncertain regarding whether the improvements were considerable or sparse. See, generally, Padden v. Herron (Dec. 24, 1998), Lake App. No. 97-L-223, unreported.