DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that granted appellee's motion for a change of custody of the parties' minor child. For the reasons that follow, this court reverses the judgment of the trial court.
Appellant Annette Simmons sets forth the following assignments of error:
 "I. THAT THE JUVENILE COURT ERRED IN NOT APPOINTING A GUARDIAN AD LITEM FOR THE MINOR CHILD PURSUANT TO OHIO JUVENILE RULE 4, AS THE INTERESTS OF THE CHILD AND THE INTERESTS OF THE PARENT MOTHER MAY CONFLICT.
 "II. THAT THE JUVENILE COURT ERRED IN MODIFICATION OF THE CUSTODY ORDER FROM APPELLANT MOTHER TO APPELLEE FATHER AND FAILED TO CONSIDER THE BEST INTEREST OF THE CHILD PURSUANT TO ORC 3109.04."
The facts that are relevant to the issues raised on appeal are as follows. The parties, who were never married, have a son, Antonio, born January 19, 1995. Paternity was established by administrative order of the Lucas County Child Support Enforcement Agency on May 2, 1995. On May 26, 1999, appellee Anthony Taylor filed a motion to show cause as to denial of visitation with Antonio and on June 3, 1999, he filed an amended motion to show cause with a demand for modification of custody. On June 14, 1999, appellant filed a motion in which she asked that appellee's visitation with their son be terminated.
On September 27, 1999, a hearing was held before a magistrate on the parties' motions. At the conclusion of testimony, the magistrate ordered that custody of Antonio be awarded to appellee with appellant having visitation according to the court's standard schedule. The magistrate's decision was filed on September 28, 1999. On September 30 and October 1, 1999, appellant filed pro se objections to the magistrate's decision. On October 2, 1999, the trial court found appellant's objections not well-taken and on October 6, 1999, appointed counsel filed objections on appellant's behalf. Appellant's objections were found not well-taken again, and the decision of the magistrate was affirmed by the trial court's judgment entry filed November 8, 1999.
We will begin with a consideration of appellant's second assignment of error. Appellant asserts that the change of custody is not in Antonio's best interest and that the magistrate failed to consider the factors set forth in R.C. 3109.04(F)(1) for determining whether a change of custody is in the child's best interest. Appellant argues that the magistrate failed to make a finding in her decision that the custody modification is in the child's best interest.
In cases involving a change in custody, the law requires the trial court to apply R.C. 3109.04(E)(1)(a), which states that:
 "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) The residential parent agrees to a change in the residential parent * * *.
 "(ii) The child, with the consent of the residential parent * * *, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child." [Emphasis added.]
As to a determination of the best interest of the child, R.C.3109.04(F)(1) directs that the trial court consider all relevant factors, including, but not limited to:
 "(a) The wishes of the child's parents regarding his care;
 "(b) * * * the wishes and concerns of the child, as expressed to the court;
 "(c) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;
 "(d) The child's adjustment to his home, school, and community;
 "(e) The mental and physical health of all persons involved in the situation;
 "(f) The parent more likely to honor and facilitate visitation and companionship rights approved by the court;
 "(g) Whether either parent has failed to make all child support payments * * * ;
 "(h) Whether either parent previously has been convicted of or pleaded guilty to any criminal offense * * *;
 "(i) Whether the residential parent * * * has continuously and willfully denied the other parent his or her right to visitation * * * ;
 "(j) Whether either parent has established a residence, or is planning to establish a residence, outside this state."
In reviewing a trial court's custody determination, an appellate court cannot substitute its judgment for that of the trial court, Trickey v.Trickey (1952), 158 Ohio St. 9; Buckles v. Buckles (1988),46 Ohio App.3d 102, and may not reverse unless it finds an abuse of discretion by that court. Miller v. Miller (1988), 37 Ohio St.3d 71;Worthington v. Worthington (1986), 21 Ohio St.3d 73; Trickey, supra. In applying that standard, this court must determine whether the trial court's finding is so contrary to the weight of the evidence that it is unreasonable, arbitrary or unconscionable and therefore constitutes an abuse of discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The relevant portion of the magistrate's decision and journal entry reads as follows:
 "* * * Based upon the evidence and testimony the court finds as follows: Mother has refused to allow visits by father on any type of regular basis and states that regardless of the court order she will continue to refuse to allow him visits if she determines that he is disrespectful to her. Further that there is no neutral place where she will allow pick up and delivery of the child and that mother did attempt to run over father with her car on one occasion when he came to pick the child up. * * *"
The trial court's decision in this case essentially consisted of two sentences, as quoted above. The trial court made no reference to the statutory requirements for modification of a prior custody decree. The decision contains no discussion, pursuant to R.C. 3109.04(E)(1)(a), of "facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree."
The law requires a finding that a change has occurred in the circumstances of the child or his residential parent, as well as a finding that the modification is necessary to serve the best interest of the child. R.C. 3109.04(E)(1)(a). The magistrate's decision contains neither. Nor is there a finding that the harm likely to be caused by a change of custody is outweighed by the advantages of such a change. R.C. 3109.04(E)(1)(a)(iii). Further, there is no analysis of the factors relevant to a determination of the best interest of the child as set forth in R.C. 3109.04(F)(1). In short, the relevant statutory sections as set forth above clearly specify the findings to be made by the trial court when modifying a prior custody decree, and the trial court in this case addressed none of them. This court is cognizant of case law which directs us not to substitute our judgment for that of the trial court in a custody determination, but for the reasons set forth above we must find that the trial court's decision constitutes an abuse of discretion. Accordingly, appellant's second assignment of error is well-taken.
Based on our finding above, appellant's first assignment of error is rendered moot.
On consideration whereof, this court finds that substantial justice was not done the party complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is reversed. This cause is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to appellee.
 _________________________ KNEPPER, P.J.
 Peter M. Handwork, J., Mark L. Pietrykowski, J., JUDGES CONCUR.