DECISION AND JUDGMENT ENTRY
This is an appeal and cross-appeal from a judgment of the Wood County Court of Common Pleas, Domestic Relations Division, that granted the parties a divorce and ordered the division of marital property and the payment of spousal support. This court affirms the judgment of the trial court in part and remands this case for further proceedings as set forth below.
Appellant Jess Cogle sets forth the following assignments of error:
 "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT FAILED TO INCLUDE THE DEATH OF APPELLANT AS A TERMINATION FACTOR CONCERNING APPELLANT'S OBLIGATION TO PAY SPOUSAL SUPPORT TO THE APPELLEE.
 "II. IT WAS ERROR FOR THE TRIAL COURT TO ORDER APPELLANT TO MAINTAIN LIFE INSURANCE ON HIS LIFE NAMING THE APPELLEE AS THE BENEFICIARY ON SAID LIFE INSURANCE.
 "III. THE TRIAL COURT'S FAILURE TO DIVIDE THE MARITAL ASSETS EQUALLY BETWEEN THE PARTIES WAS AN ABUSE OF DISCRETION."
Barbara and Jess Cogle were married in 1966. Appellee filed a complaint for divorce on January 28, 1999 and appellant filed an answer and counterclaim on February 12, 1999. At the time the complaints were filed, the parties had no minor children. Appellee was fifty years old and appellant was fifty-three. Appellee was unemployed, as she had been through most of the marriage, having left high school at the age of seventeen to marry appellant. Appellant was employed by Daimler-Chrysler as a maintenance supervisor and had an income of slightly over $100,000 in 1998. The matter was tried before a magistrate on May 24 and June 9, 1999, and on November 2, 1999, the magistrate issued a decision. Both parties filed objections to the magistrate's decision on November 15, 1999. On January 31, 2000, appellant retired from employment with Daimler-Chrysler and on May 4, 2000, he filed a motion to terminate or reduce spousal support. On June 28, 2000, the trial court overruled all objections and affirmed the magistrate's decision. On July 13, 2000, the trial court filed its final judgment entry of divorce. In its judgment entry, the trial court found that the parties had stipulated to the following facts:
 — the marital home had an appraised value of $127,500 with $29,548.82 remaining on the mortgage;
 — the marital portion of appellant's retirement benefits in his 401(K) plan accumulated through his employment was $188,958.68 with an outstanding loan balance against the account in the amount of $14,844.91;
 — appellant had a pension plan through his employer, earned entirely during the course of the marriage, from which he would receive $2,547.88 per month if he retired at that time and
 — the parties were joint owners of a savings account with a balance of $6,150.87.
The trial court further found that during over thirty years of marriage, appellee had worked outside the home very little, while appellant had always been employed; appellant was a high school graduate, while appellee never completed her high school education; appellee receives $300 per month from a relative who rents from her at the marital residence; appellant had worked for Daimler-Chrysler for thirty years and had no mandatory retirement age; appellee will have no health insurance of her own upon the divorce, while appellant will continue to have health insurance benefits from his employer; and appellee will have no pension plan of her own except for very minimal Social Security as a result of her limited employment, while appellant will have his pension plan, his 401(K) plan and entitlement to Social Security benefits.
The trial court awarded each party his and her own personal possessions, including an automobile to each, and ordered the following division of financial assets:
Appellee
marital residence $97,951.18
401(K) $48,579.53
1/2 savings account $ 3,075.87
 1/2 pension (when available) ******** ___________
$149,606.58
Appellant
balance of his 401(K) $115,734.24
 1/2 pension (when available) ********* ___________
$115,734.24
The trial court also awarded appellee the other half of the savings account for attorney fees and an additional $9,800 from appellant's 401(K) plan as lump sum spousal support.
The trial court further ordered appellant to pay spousal support of $2,000 per month for one year, then $1,700 per month for the following year and $1,400 per month for the next eight years. With respect to the award of spousal support, the trial court stated as follows:
 "6. Said periodic spousal support shall be terminable upon the death of the Plaintiff, her remarriage, or her cohabitation with a non-relative male for a period greater than 30 days.
"* * *
 "8. The Defendant shall maintain life insurance on his life with the Plaintiff as beneficiary thereupon to cover any outstanding spousal support obligation to the Plaintiff."
It is from that judgment that each party appeals.
In his first assignment of error, appellant asserts that the trial court abused its discretion when it failed to state that the spousal support order would terminate if appellant died before the end of the ten-year period.
R.C. 3105.18(B) provides:
 "Any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise."
It is clear that, while the trial court's order makes the spousal support terminable upon appellee's death, remarriage or cohabitation, it does not state that the support shall terminate upon appellant's death, nor does it "expressly provide otherwise," pursuant to R.C. 3105.18(B). It appears from the two relevant paragraphs in the order that, while the trial court implied that the support obligation was to continue beyond appellant's death by means of a life insurance policy large enough to cover any spousal support as yet unpaid, the court failed to "expressly" order such an obligation as required by R.C. 3105.18(B). For that reason, we find that this case must be remanded to the domestic relations court for clarification of this condition pursuant to R.C. 3105.18(B). Accordingly, appellant's first assignment of error is well-taken.
In his second assignment of error, appellant asserts that the trial court erred by ordering him to maintain a life insurance policy with appellee as the beneficiary because the order did not provide for the continuation of support after appellant's death. In light of our decision under appellant's first assignment of error to remand this case to the trial court for clarification of the language in its order as to when the spousal support is terminable, we find that this assignment of error is not well-taken.
We note that this court considered the issue of life insurance as security for spousal support in Pope v. Pope (Apr. 11, 1997), Lucas App. No. L-96-198, unreported, and that we concluded that the only circumstance under which life insurance may properly be used as security for a spousal support obligation is to cover for any arrearages which might exist at the time of the obligor's death. After careful consideration of Pope, however, we find that the language in that case is overbroad and we therefore limit its finding as to the application of life insurance proceeds to spousal support arrearages strictly to the facts of that case. While we do not disagree with the application of life insurance proceeds to cover spousal support arrearages, we feel that the holding in Pope is too limiting. During the course of a marriage, an individual maintains life insurance in order to assure some level of financial security for the surviving spouse in the event of the other's untimely death. When a domestic relations court orders spousal support following a divorce, the court is indicating that it believes the obligee spouse has a very real need for a specific level of financial support for a certain number of years. We believe that, following a divorce, the obligee spouse is entitled to some measure of security for the full amount of spousal support that was ordered by the trial court. For these reasons, we limit as set forth above that portion of our decision inPope v. Pope, supra, which found that the proceeds of an obligor's life insurance may only be used to pay for spousal support arrearages that exist if an obligor dies before the period of spousal support expires.
In his third assignment of error, appellant asserts that the trial court erred by failing to divide the marital assets equally. Appellant argues that the trial court should award each party a similar share of each type of marital asset, and should not award different types of assets to each party and consider such a division equal.
This court may not reverse the trial court's determination as to matters involving the division of property absent an affirmative showing of an abuse of discretion. Cherry v. Cherry (1981),66 Ohio St.2d 348; Berish v. Berish (1982), 69 Ohio St.2d 318;Worthington v. Worthington (1986), 21 Ohio St.3d 73. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1984), 5 Ohio St.3d 217,219. In its consideration, a reviewing court should not substitute its judgment for that of the trial court. Buckles v. Buckles (1988),46 Ohio App.3d 102, 110. As to fashioning a division of marital property, this court held in Spychalski v. Spychalski (1992),80 Ohio App.3d 10, 15:
 "A domestic relations court is required, after granting a divorce, to equitably divide and distribute the marital property. * * * In this context, the term `equitable' does not mean `equal'; a court begins its analysis with a potentially equal division of the marital property and adjusts that division after a consideration of the relevant factors found in R.C. 3105.18(B). [Citations omitted.]"
Upon consideration of the entire record of proceedings in the trial court, this court finds that the trial court gave full consideration to the relevant factors in R.C. 3105.171(F). The trial court clearly considered such factors as the duration of the marriage; appellee's lack of work experience due to the parties' agreement that she would not work while they raised a family, and her limited earning potential; appellant's employment situation, his salary, and his vastly superior earning potential; the fact that following the divorce appellee will have no health insurance of her own while appellant will continue to have coverage through his employment; living expenses; and the debt appellee incurred following the separation. Based on the record of proceedings in the trial court and the law, this court finds that the trial court's division of marital property was not unreasonable, arbitrary or unconscionable and appellant's third assignment of error is not well-taken.
Cross-Appeal
In her sole assignment of error on cross-appeal, appellee asserts that the trial court's order as to spousal support amounts to an abuse of discretion. Appellee claims that the trial court erred by accepting the testimony of an employment expert that appellee, at the age of fifty-three with no previous work experience or skills, could expect to find employment that would pay her $20,000 per year. Appellee states that the trial court should have ordered spousal support in the amount of $2,900 per month for ten years.
It is well-established that the trial court enjoys wide latitude in determining the appropriateness as well as the amount of spousal support.Bolinger v. Bolinger (1990), 49 Ohio St.3d 120. Such an award will not be reversed unless a reviewing court, after considering the totality of the circumstances, finds that the trial court abused its discretion.Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67; Cherry v. Cherry,supra, at 352.
R.C. 3105.18(C)(1) sets forth the factors which the trial court must consider before making a spousal support award, including the parties' income, the relative earning abilities of the parties, their ages and education, the duration of the marriage and "any other factor that the court expressly finds to be relevant and equitable."
Upon review of all of the evidence that was before the trial court, this court finds that extensive testimony was presented as to all of the factors listed in R.C. 3105.18(C) that are applicable to the facts of this case. Upon consideration thereof, we find that the trial court's award of spousal support was not unreasonable, arbitrary or unconscionable and therefore not an abuse of discretion. Accordingly, appellee's sole cross-assignment of error is not well-taken.
On consideration whereof, we reverse the order of the trial court as to the termination of spousal support and remand this case to the Wood County Court of Common Pleas, Domestic Relations Division, for further proceedings consistent with this opinion. The judgment of the trial court is affirmed in all other respects. Costs of this appeal are assessed to the parties equally.
 ______________________ Richard W. Knepper, J.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J. CONCUR.