DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, that granted the parties a divorce and ordered the division of marital property, the payment of child support, and the payment of attorney and guardian ad litem fees. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant Alan Widman sets forth the following assignments of error:
 "1. The Court erred in failing to give the Appellant credit for the reduction of mortgage, paid during the marriage of the parties, on the real property located at 439 Fifth Street, Toledo, Ohio.
 "2. The Court erred in failing to give the Appellant credit for one-half of the monies received by the Appellee when she sold the Grand Am of the parties and used the proceeds to pay her attorney fees. Appellant is entitled to one-half of the Five thousand two hundred dollars ($5,200.00) netted from said sale.
 "3. The Court erred in splitting payment of the fees for the guardian ad litem equally between the parties. Said fees should have been apportioned sixty percent to Appellee, forty percent to Appellant, in proportion to the incomes of the parties.
 "4. The Court erred in failing to award the Appellant attorney fees from the Appellee."
The facts that are relevant to the issues raised on appeal are as follows. The parties were married in 1988 and had two minor children at the time appellant filed the complaint for divorce. The parties entered into, and the trial court adopted, certain stipulations regarding specific items of marital property, the parties' pensions and life insurance policies, the division of personal property, and various financial accounts. On May 19, 2000, the matter came before the trial court for hearing on the following contested issues: appellant's child support obligation; each party's interest in real estate located at 439 Fifth Street, Toledo; the division of marital assets and liabilities, including appellee's premarital contributions to the marital residence, financial accounts, pensions and medical bills; appellant's entitlement to an award of attorney's fees; and each party's responsibility for the fee of the guardian ad litem.
On October 23, 2000, the trial court filed its judgment entry of divorce. It is from that judgment that appellant filed a timely appeal. The specific findings made by the trial court will be addressed below as they pertain to each of appellant's assignments of error.
In his first assignment of error, appellant asserts that the trial court erred by awarding him one-half of the amount that the property located at 439 Fifth Street increased in value during the marriage, rather than one-half of the $24,000 mortgage that the parties paid off during the marriage.
The property at 439 Fifth Street was a four-family rental unit which appellee purchased prior to the marriage for $30,000. Appellee testified that at the time of the marriage several years later, the property was worth $32,500. The trial court found that at the time of trial the $24,000 mortgage had been paid in full and the property had a fair market value of $42,000. The trial court further found that the property itself was a premarital asset belonging to appellee but that the appreciation of $9,500 during the course of the marriage was marital property, and awarded appellant one-half of that amount.
This court may not reverse the trial court's determination as to matters involving the division of property absent an affirmative showing of an abuse of discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348;Berish v. Berish (1982), 69 Ohio St.2d 318; Worthington v. Worthington
(1986), 21 Ohio St.3d 73 . An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1984), 5 Ohio St.3d 217, 219. In its consideration, a reviewing court should not substitute its judgment for that of the trial court. Bucklesv. Buckles (1988), 46 Ohio App.3d 102, 110.
The trial court properly found that the rental property was a premarital asset. As to the increase in value of the property after the marriage, the trial court again properly determined that both parties made contributions which increased the value of the property and that the $9,500 appreciation was subject to division as a marital asset. SeeMiddendorf v. Middendorf (1998), 82 Ohio St.3d 397. Appellant provides no authority to support his claim that he is entitled to one-half of the reduction in the mortgage.
Based on the foregoing, this court finds that the trial court did not err by awarding appellant one-half of $9,500 as his interest in the rental property and appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court erred by failing to give him credit for one-half of the money appellee received when she sold a car belonging to the parties to pay her attorney fees. Although the parties stipulated that the car was a marital asset and the trial court accepted that stipulation, the court explained that it would not award appellant one-half of the proceeds from the sale, because the car was "an asset not in existence at the time of the termination of the marriage."
The parties agree that appellee used the entire proceeds from the sale of the car to pay attorney fees. While the record indicates that on October 19, 1998, the trial court issued a preliminary injunction prohibiting the disposal of marital assets during the pendency of the divorce, appellee asserts that the injunction did not prohibit using the assets for necessary expenses.
Loc.R. 8.01 of the Court of Common Pleas of Lucas County, Domestic Relation Division, refers to "standard injunctions" of that court which enjoin each spouse from selling any and all property owned by either or both spouses after the date the complaint for divorce is filed. After listing the acts from which the parties are enjoined, the rule states:
 "Nothing in the above restraining orders precludes a spouse from using their property to pay necessary and reasonable attorney fees, litigation and court costs in this action."
Based on the foregoing, this court finds that the trial court did not abuse its discretion by determining that the proceeds from the sale of the car were an asset not in existence at the time of the termination of the marriage and by failing to award appellant one-half of that sum. Accordingly, appellant's second assignment of error is not well-taken.
In his third assignment of error, appellant asserts that the trial court erred by arbitrarily splitting the obligation for the guardian adlitem fees equally between the parties. Appellant argues that since appellee's income is greater than his, the trial court should have ordered appellee to pay a greater amount of the fees.
The trial court found that there was an outstanding balance of $2,435.55 owed toward the guardian ad litem fees in this case and that equity and fairness required that the parties equally share the responsibility for payment of that obligation. A trial court has broad discretion when ordering the apportionment of guardian ad litem fees between the parties. Davis v. Davis (1988), 55 Ohio App.3d 196. Further, while appellee's income is significantly higher than appellant's, the $243 difference to appellant between paying forty percent as opposed to fifty percent of the guardian's fees does not cause the trial court's order to amount to an abuse of discretion. Accordingly, appellant's third assignment of error is not well-taken.
In his fourth assignment of error, appellant asserts that the trial court erred by failing to order appellee to pay his attorney fees in light of appellee's higher income. Appellant asserts that he does not have the resources to pay his outstanding attorney fees.
In ordering that each party be responsible for his or her own attorney fees, the trial court found that: based on appellant's income, earning ability and assets, he had the ability to pay for his own legal representation; appellant had not asserted that his claimed inability to pay attorney fees had prevented him from fully litigating his case, and appellant would be receiving cash assets as part of the property settlement.
A trial court's decision regarding the award of attorney fees in a divorce proceeding should not be interfered with absent a clear showing of prejudice or abuse of discretion.
Birath v. Birath (1988), 53 Ohio App.3d 31. R.C. 3105.18(H) provides that the trial court may award reasonable attorney fees to either party at any stage of a divorce proceeding if it determines that the other party has the ability to pay the fees that the trial court awards. The statute further states that, when determining whether to award fees pursuant to this division, the trial court must determine whether either party will be prevented from fully litigating his or her rights if reasonable attorney fees are not awarded.
The trial court's findings set forth above support its decision to hold each party responsible for his or her own attorney fees. Accordingly, we find that the trial court's order did not constitute an abuse of discretion and appellant's fourth assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Richard W. Knepper, J.
Peter M. Handwork, J. and Mark L. Pietrykowski, P.J. CONCUR.