DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which granted the parties a divorce and ordered the division of marital property. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant William Ward sets forth the following assignment of error:
 "The trial court erred to the prejudice of Appellant when it failed to consider the dissipation, concealment or diversion by Appellee of her income for purposes unrelated to the marital estate or the assets of the parties in dividing the marital estate and, as a consequence of these failures, reached an inequitable result."
The undisputed facts that are relevant to the issues raised on appeal are as follows. The parties were married in 1961 and had two children, both of whom were emancipated by the time appellee filed for divorce in 1996. For most of the marriage, appellee was a homemaker and appellant worked to support the family financially. The parties owned two pieces of real property which included a home in Sylvania, Ohio, and several acres of land in Ottawa Lake, Michigan, used for appellant's business and as rental property. They also owned two cars, a boat and a variety of personal property. Additionally, the parties' assets included funds in three different individual retirement accounts. The parties also owned a business known as Memory Marketing, which is a franchise appellee purchased and operated during the marriage, and another business known as W.F. Ward Associates, started by appellant, which existed in name only at the time the parties separated.
Final hearing on appellee's complaint for divorce was held on several dates in April and June 1997. On May 22, 2000, the trial court filed its decision and judgment entry of divorce. Each party was ordered to pay all debts in his or her name and neither party was awarded spousal support. The court's division of marital assets was as follows:
Appellee Appellant
Marital Home $107,500.00 Ottawa Lake Property $135,000.00 Toyota Corolla 5,100.00 Cadillac Deville 7,500.00 Memory Marketing 13,000.00 W.F.Ward Associates 0.00 Jewelry 2,400.00 Boat, Elec. Gear Trailer 1,500.00 Vanguard Acct. in Appellee's name 10,943.91 American Funds in Appellee's name 15,827.27 Vanguard Acct. in Appellant's name 863.62 16,492.30 Nikkon Products 2,000.00 Patent 0.00 Personal Property at Marital Home 6,627.00 Personal Property at Ottawa Lake property 3,769.50
$164,261.80 $164,261.80
Additionally, the trial court awarded appellee as separate property her inheritance from her mother's estate, which included several accounts and investment funds worth approximately $204,000 after taxes and other expenses. It is from that judgment that appellant timely appeals.
In his sole assignment of error, appellant claims that the trial court's division of marital property, although equal, constituted an abuse of discretion. In support, appellant argues that the trial court erred by failing to consider what he claims was appellee's "dissipation, concealment, or diversion" of approximately $100,000 of her income during the years 1991 through 1996. Appellant also argues that the division of marital property should have reflected appellee's "significant" inheritance from her mother.
This court may not reverse the trial court's determination as to matters involving the division of property absent an affirmative showing of an abuse of discretion. Cherry v. Cherry (1981), 66 Ohio St.2d 348;Berish v. Berish (1982), 69 Ohio St.2d 318; Worthington v. Worthington
(1986), 21 Ohio St.3d 73. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1984), 5 Ohio St.3d 217, 219. In its consideration, a reviewing court should not substitute its judgment for that of the trial court. Bucklesv. Buckles (1988), 46 Ohio App.3d 102, 110.
As to appellant's first argument, the trial court had before it appellee's income tax returns for the years 1991 through 1996. During those years, appellee's adjusted gross income ranged from $13,356 to $21,140, for a total of $104,006 for those six years. Appellee testified that she started her business in 1990 with money given her by her mother for that purpose. She further testified that during those years, she paid for her clothing, cars and other expenses herself. At the time of trial, appellant asked the trial court to find appellee's income to be marital property and to consider those funds when making the division of marital property. Appellant provides no support, however, for his proposition that a spouse's past income, essentially nonexistent at the time of the divorce, should be considered by the trial court when making a division of the marital assets. Moreover, based upon our review of the record, we find that appellant presented no evidence that appellee attempted at any time to conceal, dissipate or divert her income for purposes unrelated to the marital estate and this argument is entirely without merit.
We further find appellant's argument regarding appellee's inheritance from her mother to be without merit. Appellant states that he makes no claim upon appellee's separate property, but at the same time argues that her inheritance, which was clearly separate property, should have been considered by the trial court when dividing the marital estate and that the division should have been adjusted accordingly. Essentially, appellant appears to be arguing that appellee's inheritance should be treated as both separate and marital property. This argument also is without merit.
Upon thorough consideration of the record before us and the law, this court finds that the trial court appropriately applied all of the relevant factors set forth in R.C. 3105.171(F) for the division of marital property and that its decision is not unreasonable, arbitrary or unconscionable. Accordingly, appellant's sole assignment of error is not well-taken.
On consideration whereof, this court finds that substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J. JUDGES CONCUR.