DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, that granted the parties a divorce and ordered the division of marital property. For the reasons that follow, this court affirms the judgment of the trial court.
{¶ 2} Appellant John F. Stvartak sets forth two assignments of error:
{¶ 3} "First Assignment of Error
{¶ 4} "It is reversible error for the Domestic Relations Court to approve a report of the special master to divide the parties' personal property in a divorce when the property was not properly divided.
{¶ 5} "Second Assignment of Error
{¶ 6} "It is reversible error for the Domestic Relations Court to approve values for the parties' licensed property that is not supported by credible evidence."
{¶ 7} The parties were married in 1963. On June 10, 2002, appellant filed a complaint for divorce and the parties separated. After lengthy negotiations, the parties informed the trial court they had reached agreement on all issues. A judgment entry of divorce was prepared and read into the record at the final hearing on December 5, 2003. At that time, the parties agreed to the appointment of a special master to make an equitable division of certain items of personal property in the marital home. The special master subsequently submitted a decision to the trial court in which he allocated certain personal items that were, as he explained it, "truly in controversy." In his decision, the special master noted there remained other personal items which would be allocated pursuant to an attached multi-page list prepared by the parties' children after they made a videotape of the marital home and the contents of every room. The parties had reviewed the list and placed their initials by the items they desired. On June 15, 2004, appellant filed a motion asking the trial court to order the special master to allocate numerous items on the parties' inventory which appellant claimed had not been allocated. Appellant asserted several pages of inventoried items were missing from the attachment to the special master's decision. On October 21, 2004, the trial court filed an order in which it denied appellant's motion, stating the decision of the special master clearly allocated all items of personal property as requested by the parties.
{¶ 8} In his first assignment of error, appellant asserts there were six pages missing from the original list of personal property and the special master had failed to divide the items on those pages. Appellant appears to argue that since the pages were missing from the attachment to the special master's decision, the property must not have been allocated. However, appellant has not shown there actually were pages missing from the list he reviewed or that he did not have the opportunity to review the complete list and select the items he claimed as his own. Appellant attached to his brief a copy of a portion of the list of personal items which does appear to have some pages missing, but theattachment to his appellate brief is not a part of the record andtherefore cannot be considered by this court on review. Even if this court could consider the allegedly incomplete list attached to appellant's brief, it would not prove that appellant had not been able to claim items to which he was entitled. Finally, the special master was not instructed to oversee the allocation of the several hundred items on the inventory of personal property; he was charged with allocating approximately 12 items which were in fact awarded pursuant to his decision. While the lengthy list of personal items was attached to the special master's decision, it was not his responsibility to divide that property since the parties had agreed to do it themselves. Based on the foregoing, we find the trial court did not err by accepting the special master's report and, accordingly, appellant's first assignment of error is not well-taken.
{¶ 9} In his second assignment of error, appellant presents another argument concerning the trial court's division of the marital property. Appellant argues the trial court erred by valuing his 2002 Chevrolet truck and appellee's 2002 Ford Explorer at $24,000 each. As to the truck and Explorer, the trial court awarded each party his or her own vehicle free and clear of any claim of the other. Appellant asserts that his truck is worth only $16,450 and appellee's Explorer is worth approximately $31,000. He claims assigning values of $24,000 to each vehicle resulted in a windfall of $14,841 for appellee in terms of the total property settlement.
{¶ 10} This court may not reverse the trial court's determination as to matters involving the division of property absent an affirmative showing of an abuse of discretion. Cherry v. Cherry (1981),66 Ohio St.2d 348; Berish v. Berish (1982), 69 Ohio St.2d 318;Worthington v. Worthington (1986), 21 Ohio St.3d 73. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1984), 5 Ohio St.3d 217, 219. In its consideration of the division of marital property, a reviewing court should not substitute its judgment for that of the trial court. Bucklesv. Buckles (1988), 46 Ohio App.3d 102, 110.
{¶ 11} The Supreme Court of Ohio has held that "the mere fact that a property division is unequal, does not, standing alone, amount to an abuse of discretion." Cherry, supra, at paragraph two of the syllabus. As to fashioning a division of marital property, this court held in Spychalskiv. Spychalski (1992), 80 Ohio App.3d 10, 15: "A domestic relations court is required, after granting a divorce, to equitably divide and distribute the marital property. * * * In this context, the term `equitable' does not mean `equal;' a court begins its analysis with a potentially equal division of the marital property and adjusts that division after a consideration of the relevant factors found in R.C. [3105.171(F)]. [Citations omitted.]"
{¶ 12} Pursuant to the final judgment entry of divorce, the parties' total marital assets amounted to slightly over $1.3 million. Appellee's share totaled $725,041 and appellant's totaled $629,996. The amount which appellant identifies as appellee's "windfall" — $14,841 — is equal to one percent of the total value of the parties' marital assets. That sum is not a "windfall," and does not render the trial court's division of marital property unreasonable, arbitrary or unconscionable. We find that while the parties were not awarded equal amounts of marital property, the trial court's division of the assets was equitable. Accordingly, the trial court did not abuse its discretion and appellant's second assignment of error is not well-taken.
{¶ 13} On consideration whereof, this court finds substantial justice was done the party complaining and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Singer, P.J., Parish, J. Concur.