DECISION AND JUDGMENT ENTRY
{¶ 1} Michael K. Ervin appeals the decision of the Scioto County Court of Common Pleas, Domestic Relations Division, which granted his divorce from Connie S. Ervin. Michael contends that the trial court abused its discretion in failing to divide the marital property equally. Because we find that the trial court divided the marital property almost precisely equally, we disagree. Michael also contends that the trial court abused its discretion in awarding spousal support valued at $11,005, in the form of his share of equity in the marital home, to Connie. Because we find that the trial court considered the required statutory factors and that spousal support is reasonable and appropriate in this case, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Michael and Connie married in 1983. They raised a son, born June 2, 1984, and a daughter, born September 5, 1985. The parties separated from April 2000 to December 2000. They reconciled briefly, but in January of 2001 they separated permanently and Michael filed for divorce. Connie filed a counterclaim for divorce shortly thereafter.
 {¶ 3} During the marriage, Michael worked as a self-employed carpet installer. Connie did not work. During the separation, Connie went back to school and earned a licensed practical nursing degree. The parties dispute whether Michael helped pay for Connie's schooling.
 {¶ 4} On the day of the final hearing, the parties entered into an agreement regarding child support. For purposes of calculating child support, Michael stipulated that his gross income is $35,000. However, the parties' tax returns indicate that Michael's average gross income after business expenses is approximately $26,500. Although the child support computation worksheet calls for an adjusted gross income that takes business expenses into account for self-employed persons, Michael agreed to calculate child support based upon the $35,000 figure. The LPN job Connie obtained pays approximately $19,000 per year. Pursuant to Michael and Connie's agreement, their combined basic child support obligation based upon $54,000 in income ($35,000 + $19,000) is approximately $10,700. Michael agreed to be responsible for 65% of that total, or $8,600.
 {¶ 5} The parties stipulated that their only major asset is a home worth approximately $55,000, and that the mortgage balance payoff is approximately $33,000. Thus, the marital equity in the home is approximately $22,000. The trial court found that Michael and Connie are each entitled to $11,000 equity in the home. The parties agreed on which vehicles and personal property each would keep. The trial court divided the parties' credit card debt approximately equally between them.
 {¶ 6} Connie requested spousal support in the amount of $350 per month for two and one-half years. The trial court declined to award monthly payments for spousal support, but instead found that Connie would receive spousal support in the form of Michael's interest in the home. The trial court found this form of spousal support reasonable and appropriate, as it would both equalize the parties' incomes and allow the children to remain in the same home and school district through their high school years. Thus, the trial court ordered Michael to quit-claim his interest in the home to Connie.
 {¶ 7} Michael appeals the trial court's decision, asserting the following assignments of error: "I. The trial court abused its discretion with respect to the division of marital assets and debts. II. The trial court abused its discretion with respect to the spousal support granted to the defendant."
 II. {¶ 8} In his first assignment of error, Michael asserts that the trial court abused its discretion by inequitably dividing the marital property. While Michael conceded at oral argument that the trial court's allocation of marital debt is equitable, and Michael agreed to the division of personal property by an agreement prior to trial, Michael contends that the trial court erred in awarding his share of the equity in the marital residence to Connie.
 {¶ 9} The trial court possesses a great deal of discretion in attaining an equitable distribution of marital property. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128, 131; Worthington v. Worthington
(1986), 21 Ohio St.3d 73, 76; Martin v. Martin (1985), 18 Ohio St.3d 292,294-295. We will not disturb the court's division of property absent an abuse of discretion. Id. Despite the discretion afforded to the trial court, Ohio law requires the court to divide marital and separate property equitably between the spouses. R.C. 3105.171(B). This requires, in most cases, that the court divide the marital property equally. R.C.3105.171(C)(1). However, if equal division would produce an inequitable result, the property must be divided in such a way as the court determines to be equitable. Id.
 {¶ 10} In this case, Michael concedes that the trial court equitably divided the marital assets and debts, with the exception of the marital home. In dividing the marital assets, the trial court found that the marital equity in the parties' home totals approximately $22,000. The court further found that each party is entitled to one-half of that amount, or $11,000.
 {¶ 11} Michael mistakenly asserts that the trial court did not equitably distribute the equity in the home because the court ultimately awarded his interest in the home to Connie. However, the trial court did not award Michael's half of the equity in the marital home to Connie in its division of the marital assets. Rather, the court awarded Michael's equity to Connie in its award of spousal support. In its division of marital assets, at page three of its decision, the trial court found that each party was entitled to one-half of the marital equity in the home.
 {¶ 12} Because the trial court found that Michael is entitled to one-half of the equity in the marital home, and further because Michael concedes that the trial court's distribution of assets and liabilities was equitable in all other respects, we cannot say that the trial court abused its discretion in its distribution of the marital assets. Accordingly, we overrule Michael's first assignment of error.
 III. {¶ 13} In his second assignment of error, Michael asserts that the trial court abused its discretion when it awarded spousal support to Connie. Specifically, the trial court awarded Connie spousal support equivalent to $11,000 by ordering Michael to quit claim his interest in the marital home to Connie.
 {¶ 14} A trial court has broad discretion when determining an appropriate amount and nature of spousal support. Bolinger v. Bolinger
(1990), 49 Ohio St.3d 120, 122; Rizzen v. Spaman (1995),106 Ohio App.3d 95, 105. An abuse of discretion involves more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary. Franklin Cty.Sheriff's Dept. v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 498,506.
 {¶ 15} In determining whether to award spousal support, the relevant factors set forth in R.C. 3105.18(C)(1)(a)-(n) must guide the trial court's discretion. See Cherry v. Cherry (1981), 66 Ohio St.2d 348,355. R.C. 3105.18(C)(1) provides that, in determining what amount, if any, of spousal support is "appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support," the court must consider the factors enumerated in R.C.3105.18(C)(1)(a) — (n). Those factors include: the parties' income; the parties' relative earning abilities; the parties' ages and health conditions; the parties' retirement benefits; the duration of the parties' marriage; the extent to which it would be inappropriate for a party, as custodian of a minor child of the marriage, to seek employment outside the home; the standard of living of the parties established during the marriage; the relative extent of education of the parties; the relative assets and liabilities of the parties, including any court-ordered payments; the contribution of each party to the earning ability of the other party; the time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience; the tax consequences, for each party, of an award of spousal support; the lost income production capacity of either party that resulted from that party's marital responsibilities; any other factor that the court expressly finds to be relevant and equitable.
 {¶ 16} The trial court must consider all the factors in R.C.3105.18(C)(1)(a)-(n) to determine the amount of spousal support. However, "some of the factors enumerated * * * are more pertinent than others in the process of reaching an equitable property division, while some are more relevant in ascertaining the need for and amount of sustenance alimony." Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96.
 {¶ 17} In this case, the trial court found that Michael earns approximately $26,500 per year and Connie earns approximately $19,000 per year. Both are just over forty years of age, and neither reports any health conditions or retirement benefits. Michael and Connie's marriage lasted over eighteen years. The children were nearing the age of emancipation at the time of the hearing and childcare obligations do not prevent Connie from working. Michael, Connie, and the children lived on approximately $26,500 per year during the marriage. Connie is educated and licensed as a practical nurse; Michael is a carpet installer. Michael and Connie's only valuable asset is their home. The trial court divided their debts roughly equally. The court noted that the monthly mortgage payment on the home is $338, and that it would be difficult for Connie and the children to find similar housing at such an affordable price. Additionally, the court noted that the children would benefit from remaining in the home because it will enable them to stay in their current school district. Finally, the court noted that Michael's testimony about his current living expenses indicate that his expenses are minimal, while Connie's testimony indicates that she is living beyond her means.
 {¶ 18} Connie requested the court grant her spousal support in the amount of $350 per month for two and one-half years. Three hundred fifty dollars a month totals $4,200 per year. Thus, Connie's request would make the parties' incomes relatively equal ($26,500 — $4,200 = $22,300; $19,000 + $4,200 = $23,200). Over two and one-half years, Michael's total spousal support payments to Connie would total $10,500. Connie also requested that the court allow her to remain in the marital residence through the children's college years, after which she proposed selling the home and giving Michael his equitable share.
 {¶ 19} Child support, as a "court-ordered payment," is a relevant factor in determining spousal support. R.C. 3105.18(C)(1)(i). In its decision, the trial court stated that awarding Connie the spousal support that she requested, combined with the child support she will receive by agreement of the parties, would result in Connie receiving a yearly income of $32,000, and would leave Michael with a yearly income of only $12,000.
 {¶ 20} The record is not clear on how the trial court arrived at these figures. However, it does appear that Michael agreed to a child support burden significantly higher than that required by law. Michael testified that he is self-employed, and that his gross income is $35,000 before ordinary and necessary business expenses. The parties' tax returns indicate that Michael's average gross income after business expenses is approximately $26,500. Although the child support computation worksheet calls for taking business expenses into account when calculating the adjusted gross income for self-employed persons, Michael agreed to calculate child support based upon the $35,000 figure. Pursuant to Michael and Connie's agreement, their combined basic child support obligation based upon $54,000 in income ($35,000 + $19,000) is approximately $10,700. Michael agreed to be responsible for $8,600.
 {¶ 21} The trial court considered Michael's child support obligation in determining the nature of the spousal support award. In order to avoid great disparity in the parties' income levels, the trial court opted to not award spousal support to Connie in the form of monthly payments. Instead, the court awarded spousal support to Connie by awarding Michael's share of the marital home to her.
 {¶ 22} Michael contends that the trial court's decision is patently unfair based upon the relative income figures listed above. However, while the court awarded Connie an asset roughly equivalent in monetary value to the support she requested, the court did not leave Michael with an income of only $12,000 compared with Connie's $32,000. Rather, the court took steps to avoid such an outcome by refusing to saddle Michael with an additional monthly debt. At the same time, the court accommodated the children's interests by enabling them to remain in their home and school district through the remainder of their high school years. Additionally, the court noted that, although Michael's child support burden is currently much greater than Connie's, the court can revise those burdens as the children become emancipated in June of 2002 and 2004, and when Connie receives her expected income increase. The trial court specifically found that its award of spousal support is equitable in both nature and amount.
 {¶ 23} Upon review, we find that the trial court considered the relevant statutory factors in deciding to award spousal support to Connie in the form of the parties' home. Specifically, the trial court considered the parties' earning abilities and income, the length of the parties' marriage, the parties' assets and debts, and other factors the court considered relevant and equitable; namely, the benefit of allowing the children to remain in the house. Given the trial court's consideration of these factors, we cannot say that the trial court's award of spousal support is not reasonable and appropriate under the circumstances of this case. Therefore, we find that the trial court's determination of the amount of the spousal support is not arbitrary, unreasonable, or unconscionable, and does not constitute an abuse of discretion.
 {¶ 24} Accordingly, we overrule Michael's second assignment of error, and we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Domestic Relations Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Evans, P.J. and Abele, J.: Concur in Judgment and Opinion.