[Cite as *Good v. Ohio Dept. of Rehab. & Corr.*, 2016-Ohio-8327.]

| | |
|---|---|
| DARRIN C. GOOD | Case No. 2012-08885 |
| Plaintiff | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF REHABILITATION AND CORRECTION | |
| Defendant | |

{¶1} Before the court are objections filed by defendant Ohio Department of Rehabilitation and Correction (ODRC) to a magistrate's decision recommending an award of damages in favor of plaintiff Darrin C. Good in the amount of $6,025 in Good's negligence action against ODRC. For the reasons explained below, the court overrules ODRC's objections, adopts the magistrate's decision as its own, and renders judgment in favor of Good in the amount of $6,025 on the issue of damages.

## I. <u>Background</u>

{¶2} On June 27, 2014, the court adopted a magistrate's decision in favor of Good on the issue of liability on Good's claim of negligence arising from a fall down stairs in August 2012 when Good was incarcerated at the London Correctional Institution (LoCI). Subsequently, the court, through a magistrate, conducted a trial on the issue of damages. On August 17, 2016, the magistrate issued a decision recommending judgment in favor of Good, finding that Good "is entitled to damages for past pain and suffering in the amount of $6,000" and that he "is also entitled to recover the $25 filing fee."

## II. ODRC's Objections to Magistrate's Decision and Good's Response

{¶3} On October 7, 2016, after the court granted ODRC's motion for an extension of time to file objections, ODRC filed written objections to the magistrate's decision.  In its objections, ODRC states: "Inasmuch as Good has no lost wages or medical expenses, he is only entitled to recover the pain he endured for a short time after his fall before completely recovering.  He did not require surgery and did not require an overnight stay in a hospital."  (Objections at 1.)  ODRC "requests this Court find that $6,000 in damages is too high and reduce the amount of his award to an amount in line with Good's temporary pain and suffering." (Objections at 6.)  In support of its claim that the evidence does not support an award in the amount of $6,000 for pain and suffering, ODRC cites to *Smith v. Lebanon Corr. Inst.*, Ct. of Cl. No. 99-11611, 2002-Ohio-1693 (March 4, 2002) and *Smallwood v. Ohio Dept. of Rehab. & Corr.*, 94 Ohio Misc.2d 47, 703 N.E.2d 360 (Ct. of Cl.1997).  ODRC has not expressly identified a legal basis for its objection, e.g., whether the magistrate's decision is against the manifest weight of the evidence, or whether it is supported by insufficient evidence, or both.  Neither has ODRC suggested an amount that, in its view, is "in line with Good's temporary pain and suffering."

{¶4} ODRC presents this objection: "DRC objects to the pain and suffering award of $6,000 because the pain and suffering lasted only a few weeks and Good quickly recovered."  (Objections at 3.)

{¶5} On October 26, 2016, Good submitted a response to ODRC's objections, generally contending that facts support the magistrate's recommended award because they establish that Good was injured and that the recommended award is consistent with decisions in similar cases determined by this court.

### III. Law and Analysis

#### A. Civil Rule 53—Objections To A Magistrate's Decision and Standard of Review

{¶6} Civ.R. 53(D)(3)(b) pertains to objections to a magistrate's decision. In accordance with Civ.R. 53(D)(3)(b)(i), "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed." Civ.R. 53(D)(3)(b)(ii) provides, "An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection." According to Civ.R. 53(D)(3)(b)(iii), "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available."

{¶7} Civ.R. 53(D)(4) governs a court's action on objections to a magistrate's decision. Civ.R. 53(D)(4)(d) provides, "If one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections. In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. * * *." According to Civ.R. 53(D)(4)(b), whether or not objections are timely filed, a court "may adopt or reject a magistrate's decision in whole or in part, with or without modification." A magistrate's decision "is not effective unless adopted by the court." Civ.R. 53(D)(4)(a).

{¶8} Recently, in *Siegel v. State*, 2015-Ohio-441, 28 N.E.3d 612, ¶ 12 (10th Dist.) the Tenth District Court of Appeals discussed the standard that applies to this court's review of a magistrate's determination, stating:

a. "A magistrate is an arm of the court, not a separate judicial entity with independent judicial authority and duties." *State ex rel. DeWine v. Ashworth*, 4th Dist. No. 11CA16, 2012-Ohio-5632, ¶ 38. The Court of Claims still must "undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). The court retains the ultimate authority and responsibility over the magistrate's findings and rulings. *Hartt v. Munobe*, 67 Ohio St.3d 3, 5-6 (1993). Appellants' suggestion that a magistrate, whether by individual capacity of the magistrate or by authorization from the court, is incapable of deciding the facts and weighing the credibility of witnesses, lacks merit. In any event, "the court remains the ultimate finder of fact, even on matters of credibility." *DeWine* at ¶ 37. "Although the trial court may appropriately give weight to the magistrate's assessment of witness credibility in view of the magistrate's firsthand exposure to the evidence, the trial court must still independently assess the evidence and reach its own conclusions." *Sweeney v. Sweeney*, 10th Dist. No. 06AP-251, 2006-Ohio-6988, ¶ 15, citing *DeSantis v. Soller*, 70 Ohio App.3d 226, 233 (10th Dist.1990).

Mindful of the foregoing law, the court now considers ODRC's claim that the magistrate's recommended pain-and-suffering award of $6,000 is excessive.

## B. Good's Pain-and-Suffering Damage Award

{¶9} In *N. Coast Premier Soccer, L.L.C. v. Ohio Dept. of Transp.*, 10th Dist. Franklin No. 12AP-589, 2013-Ohio-1677, ¶ 17, the Tenth District Court of Appeals discussed damages in tort actions, noting:

b. As a general rule, the appropriate measure of damages in a tort action is the amount which will compensate and make the plaintiff whole. *Pryor v. Webber*, 23 Ohio St.2d 104 (1970). The fundamental purpose of law is to afford to the person damaged compensation for all of the loss sustained when faced with the difficulty in determining damages. *Martin v. Design Constr. Servs., Inc.*, 121 Ohio St.3d 66, 2009-Ohio-1. A plaintiff "should be neither undercompensated nor overcompensated. Ordinarily, the injured party must be able to prove not only that he suffered a particular

type of injury, but also the pecuniary value thereof." *Columbus Fin., Inc. v. Howard*, 42 Ohio St.2d 178, 184 (1975).

{¶10} Absent an abuse of discretion, a trial court has discretion in awarding damages. *See Roberts v. United States Fid. & Guar. Co.*, 75 Ohio St.3d 630, 634, 665 N.E.2d 664 (1996) ("We will not disturb a decision of the trial court as to a determination of damages absent an abuse of discretion"); *see also Ketchum v. Hoffman*, 10th Dist. Franklin No. 93APE09-1270, 1994 Ohio App. LEXIS 2314, at *18-19 (May 26, 1994) ("As to defendant's claim that the trial court abused its discretion in its damage award to plaintiffs, we note initially that an abuse of discretion connotes more than just an error of law. It exists where the court's attitude, evidenced by its decision, was unreasonable, arbitrary, or unconscionable. *Worthington v. Worthington* (1986), 21 Ohio St.3d 73, 488 N.E.2d 150. Also, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus").

{¶11} Regarding the reasonableness of an award for pain and suffering, the Tenth District Court of Appeals has determined:

> c. In reviewing the reasonableness of a pain and suffering award, a court may consider awards given in comparable cases as a point of reference, see *Hancock v. Norfolk & Western Ry. Co.* (1987), 39 Ohio App.3d 77, 85, 529 N.E.2d 937, but ultimately must evaluate each case in light of its own particular facts. *Id.* Given the difficulty in calculating pain and suffering damages, reviewing courts generally defer such determinations to the trier of fact, [*Fantozzi v. Sandusky Cement Prod. Co.*, 64 Ohio St.3d 601, 612, 597 N.E.2d 474 (1992)], and are reluctant to substitute their judgment. *Hancock, supra*, at 85. Indeed, in no other element of damages is there so wide a latitude for awards as in pain and suffering. *Drayton v. Jiffee Chemical Corp.* (C.A.6, 1978), 591 F.2d 352, 370.

*Hohn v. Ohio Dep't of Mental Retardation & Developmental Disabilities*, 10th Dist. Franklin No. 93AP-106, 1993 Ohio App. LEXIS 6023, at *10-11 (Dec. 14, 1993).

{¶12} Here, despite finding that Good exaggerated his level of pain following his fall, the magistrate determined: "Plaintiff was plainly injured as a result of the accident * * * and consequently suffered temporary pain and suffering." (Magistrate's Decision at 10.)  Upon review, the court finds that there is some competent credible evidence to support a finding that Good "was plainly injured as a result of the accident."

{¶13} The court finds unpersuasive ODRC's contention that this court should modify the magistrate's recommended damages based on *Smith v. Lebanon Correctional Institution*, Ct. of Cl. No. 99-11611, 2002-Ohio-1693 (March 4, 2002) (inmate fell while descending a flight of stairs).  In *Smith*, this court stated: "Balanced against the medical testimony provided by Dr. Season, and upon review of all the evidence and argument presented, the court finds that plaintiff's total damages in this case amount to $10,000 which include, but are not limited to, wage loss, past and future pain and suffering, physical impairment and inability to perform usual activities. Plaintiff's total damages shall be reduced by $5,000, which represents his fifty percent contributory negligence."

{¶14} It is true, as ODRC notes, that in this case Good's recommended damages for pain and suffering are $6,000 compared with an aggregate award of damages in the amount of $10,000 in *Smith*, which included damages for lost wages, past and future pain and suffering, physical impairment, and an inability to perform usual activities. Notably, however, as stated by the United States Court of Appeals for the Sixth Circuit: "In no other element of damages is there so wide a latitude for awards as in pain and suffering, in view of the individual circumstances of the victims." *Drayton v. Jiffee Chem. Corp.*, 591 F.2d 352, 370 (6th Cir.1978).  *See Hohn*, *supra*, 1993 Ohio App. LEXIS 6023, at *10 (Dec. 14, 1993) ("An appellate review of the adequacy of a trial court's award for noneconomic damages, or pain and suffering, is difficult because no specific yardstick, or mathematical rule exists for determining pain and suffering").  In this instance, the court concludes that some latitude should be allowed in the

determination of pain and suffering damages. While the magistrate's exercise of discretion in awarding pain and suffering damages could have been exercised differently, the court is not persuaded that the magistrate's exercise of discretion warrants modification based on *Smith*.

{¶15} The court also finds unpersuasive the notion that magistrate's recommended damages should be modified based on *Smallwood v. Ohio Dept. of Rehab. & Corr.*, 94 Ohio Misc.2d 47, 703 N.E.2d 360 (Ct. of Cl.1997) (corrections officer kicking an inmate in the leg when attempting to awaken the inmate) (finding that the plaintiff "has suffered a disabling injury, but that such injury does not have a significant effect upon plaintiff's daily activities" and awarding judgment in the amount of $10,000 "for past and future pain and suffering"). *Smallwood* is factually distinguishable as it concerns a corrections officer kicking an inmate. The court is not convinced that *Smallwood* warrants modification of the magistrate's exercise of discretion and the recommended amount of damages.

## IV. Conclusion

{¶16} Wherefore, upon review, the court finds that the magistrate's determination regarding Good's pain-and-suffering damages following the fall at LoCI is supported by some competent credible evidence. The court further finds that the magistrate did not lose his way in determining that Good is entitled to $6,000 for his past pain and suffering related to ODRC's negligence and that he is entitled to recover his $25 filing fee in this case. The court holds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, ODRC's objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered on the issue of damages in the amount of $6,025 in favor of plaintiff Good. Court costs shall be assessed against defendant ODRC. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Richard F. Swope
6480 East Main Street, Suite 102
Reynoldsburg, Ohio 43068

Lindsey M. Grant
Stacy L. Hannan
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed November 21, 2016**
**Sent to S.C. Reporter 12/22/16**